HARDY, Judge.
This suit was instituted by plaintiff, State Farm Mútual Insurance' Company,’ as sub-rogee of its insured, James'D.‘ Westberry, for the recovery of the sum of $348'.62 paid on account of property damage to the insured’s Chevrolet automobile. The suit resulted from a collision between the insured vehicle and a Dodge Pick-up truck owned and driven by defendant on Louisiana' Highway No. 200 ‘ at a point about four miles, from West Monroe, Louisiana^ After trial there was judgment in favor of defendant rejecting plaintiff’s demands, from -tvhich plaintiff has appealed. . .
' The • accident occurred at or • about the hour of 5:00-P.M. on January 9, 1955, at which time a drizzling rain was falling and the highway-was wet and slippery.
The factual circumstances surrounding the occurrence of the collision, in our opinion, are definitely established by the testimony in the récord. Westberry was driving north on the highway and Hamilton was driving' south. As the two cars approached a side road a car pulled out onto' the highway, blocking the highway lane in which Westberry was traveling. The’ offending car was brought to a stop arid backed off of the highway, permitting. Westberry to resume his northerly course in his own lane of traffic. Meantime, Hamilton, unable to anticipate the action of the intruding vehicle^ applied his brakes,” *439 skidded on the slippery pavement and collided with Westberry’s automobile.
Plaintiff charged negligence on the part of defendant, Hamilton, particularly in failing to keep his vehicle under control; failing to keep a proper lookout; executing a “U” turn; driving across the center line of the highway, and operating a mechanically faulty and defective vehicle. Defendant denied any negligence and specifically pleaded estoppel and release as against Westberry, and, consequently, the plaintiff.
We think the testimony in this case conclusively absolves both Westberry and Hamilton of any negligence under the circumstances. It is quite clear that the emergency with which both drivers were faced was directly caused by the action of the unknown driver of the unidentified car who, ■carelessly and negligently pulled into the highway in the path of traffic approaching from both directions. It is a strange circumstance that nothing in the record before us indicates any attempt at identification of ■this mystery vehicle and its driver, which was clearly responsible for the occurrence of the collision.
Plaintiff has completely failed to establish any of his charges of negligence against the defendant, Hamilton. The testimony of plaintiff’s insured was thoroughly unsatisfactory in almost every particular. The actions of Hamilton, under the circumstances, were entirely reasonable and did not, in any degree, indicate negligence on his part.
Inasmuch as our findings of fact, above stated, are sufficient to completely justify .the affirmance of the judgment appealed from, we deem it unnecessary to enter into a discussion of the disputed issue as to the release executed by Westberry, in favor of Hamilton, and the estoppel arising therefrom.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.