236 So.2d 229 (1970)
Mrs. A. E. BARRY et al., Plaintiffs and Appellants,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY et al., Defendant and Appellee.
No. 3067.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1970.
Rehearing Denied June 25, 1970.
*231 Sims & Mack, by Robert J. Mack, Hammond and Gravel, Roy & Burnes, Alexandria, for plaintiffs-appellants.
Provosty, Sadler & Scott, by LeDoux R. Provosty, Jr., Alexandria, for defendant-appellee.
Before TATE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit for damages arising out of an automobile accident. The plaintiffs are Miss Kathleen Barry, driver of one of the vehicles, and her mother, Mrs. A. E. Barry, who sues individually and on behalf of her minor son, Daniel Barry. Mrs. Barry and her son were passengers. The defendants are Mrs. Sadie F. Moon, driver of the other automobile, and her insurer, United States Fidelity & Guaranty Company. The district judge found the accident was caused solely by the negligence of Mrs. Moon but did not grant to plaintiffs all the relief sought. Plaintiffs appealed, seeking increases in the award. Defendants answered the appeal, urging that the award be reduced.
The accident occurred at the point where La. Highway 167, which runs east and west, enters the west side of La. Highway 71, which runs north and south, thus forming a T-intersection. Both are two-way, two-lane thoroughfares, and there was a stop sign giving traffic on Highway 71 the right of way. The time of the collision was about 7:00 a. m. on May 27, 1967. The weather was foggy.
Mrs. Moon was driving east on Highway 167. She stopped at the stop sign and says that she looked in both directions on Highway 71 but saw no approaching traffic. Then she proceeded slowly into the intersection. When the front of her automobile reached a point about 3 feet from the west side of Highway 71, it struck the right front side of the Barry automobile, which was proceeding south on Highway 71.
Miss Kathleen Barry testified she was driving in a southerly direction on Highway 71 at a speed of about 50 miles per hour. The weather was foggy, but she saw the Moon vehicle 150 to 200 feet ahead. It was stopped at the intersection. She assumed it would remain there. As she reached the intersection, Mrs. Moon suddenly pulled out and struck the right front side of the Barry automobile.
Defendants concede that Mrs. Moon was negligent in failing to yield the right of way. However, they contend that Miss Kathleen Barry was contributorily negligent in driving at an unsafe speed under the foggy conditions. The state trooper who investigated the accident testified Miss Barry told him at the scene that she was driving 55 miles per hour. He also said that his own speed, while driving to the scene, varied from 30 to 50 miles per hour, depending on the thickness of the fog. Miss Barry testified at the trial that she was driving about 50 miles per hour and saw the Moon vehicle 150 to 200 feet away. The trial judge apparently accepted as true Miss Barry's testimony and concluded it was safe for her to proceed at this speed. We find no manifest error in this conclusion. Accordingly, we affirm the holding of the district court that the accident was caused solely by the negligence of Mrs. Moon.
The next issue concerns the claim for damages to the Barry automobile. At the trial, it was stipulated that its value at the time of the accident was $1,125.00 and the salvage value is $200.00, which means that the total damage is $925.00. However, the vehicle was purchased during the marriage between Mrs. A. E. Barry and her deceased husband. As surviving spouse, Mrs. Barry owns an undivided one-half interest and *232 has only a usufruct, under LSA-C.C. Art. 916, of the remaining one-half which is owned by the 4 surviving children of the marriage. The district judge rejected Mrs. Barry's claim for damages to the automobile.
Defendants contend that under LSA-C.C. Art. 613, "The usufruct expires before the death of the usufructuary, by the loss, extinction or destruction of the thing subject to the usufruct." Under this article, defendants argue that when the automobile was destroyed the usufruct terminated and hence all naked owners are indispensable parties, LSA-C.C. Art. 641, to this suit for damages to the vehicle. Here, only Mrs. Barry has sued for property damage. Defendants did not file an exception of non-joinder of a "necessary party", LSA-C.C. Art. 642, but if the heirs are "indispensable" parties, we may notice this deficiency, LSA-C.C. Art. 646, without an exception being filed.
Although the amount involved here is small, the question presented is res nova in our jurisprudence and this case may become an important precedent in the law of usufruct. The issue is whether all naked owners of property subject to the usufruct of a surviving spouse are indispensable parties to an action by the usufructuary for the total destruction of the property due to the wrongful act of a third person. Ultimately, we conclude that in this situation the usufruct of the surviving spouse does not terminate. Instead, it attaches to the claim for damages due by the wrongdoer. Hence, the naked owners of the interest subject to the surviving spouse's usufruct are not indispensable parties to the action.
The pertinent articles of our Civil Code read as follows:
"Art. 613. The usufruct expires before the death of the usufructuary, by the loss, extinction or destruction of the thing subject to the usufruct.
Thus, the usufruct, which is established upon a building, expires, if the building is destroyed by fire or any other accident, or if it falls down through the decay of years.
In this case the usufructuary would not even have the usufruct of the materials of the building, nor of the place in which it stood; for the usufruct is to be restrained to what is specified in the title. But if the usufruct be assigned upon an estate of which the building is a part, the usufructuary shall enjoy both the soil and the materials." (Emphasis supplied)
"Art. 615. The thing subject to the usufruct is considered as lost, when it undergoes from accident, such a change in its form that it can no longer be applied to the use for which it was originally destined. Therefore the usufruct of a field or lot is extinquished, if one or the other be so covered with water by inundation that it becomes changed into a pond or swamp. But the usufruct revives if the inundation ceases, and the waters, on retiring, leave the land uncovered and in its former condition." (Emphasis supplied)
It is true that Art. 613, first paragraph, declares that "the usufruct expires before the death of the usufructuary, by the loss, extinction or destruction of the thing subject to the usufruct." Nevertheless, this provision contemplates a loss that is purely accidental, namely, a loss that is not attributed to the fault of any person. The second paragraph of Art. 613, by way of explanation, refers to "any other accident;" and Art. 615 explains that "the thing subject to the usufruct is considered as lost, when it undergoes from accident, * * *" According to well-settled French doctrine and jurisprudence, interpreting the corresponding provision in the Code Civil, if the loss is attributed to the fault of a person, the usufruct attaches to *233 the claim for damages due by the wrongdoer. See 2 Aubry et Rau, Droit civil francais 694 (7th ed. Esmein 1961); Yiannopoulos, Personal Servitudes § 43, 87 (1968). The same solutions are followed in other civil law jurisdictions as in Germany and in Greece under the provisions of modern codes. See B.G.B. § 1045, 1046(1); Greek Civil Code Art. 1171.
Even if Art. 613, par. 1 were to be applied to all cases in which things are destroyed, whether by accident or as the result of the fault of a third person, still this article is inapplicable to the usufruct of the surviving spouse. According to well-settled Louisiana jurisprudence, the survivor's usufruct does not terminate "merely because the property to which the usufruct attached was changed in form." State Through Department of Highways v. Costello, 158 So.2d 850 (La.App. 4th Cir. 1963), and cases cited. Indeed, termination of the usufruct would be inconsistent with the policy underlying the applicable legislation. In this respect, Louisiana courts apply the principle of real subrogation: the indemnity that the usufructuary has collected is substituted for the thing lost. See Yiannopoulos, Personal Servitudes § 43, text at note 107 (1968): "In cases involving usufruct of the surviving spouse, Louisiana courts may be expected to apply the principle of real subrogation, allowing the usufructuary not only to sue in his own name but also to recover and enjoy the payment for the period of the usufruct."
Quite apart from the policy considerations underlying the usufruct of the surviving spouse, Article 613 of the Civil Code is inapplicable to usufructs under universal title, namely, usufructs of an assembly or a universality of things. It merely applies to usufruct under particular title, namely, to the usufruct of individual things. For the notions of usufruct under universal and under particular title, see Yiannopoulos, Personal Servitudes Sec. 7 (1968). The usufruct of the surviving spouse is under universal title, as it comprises a variety of things, movables and immovables, corporeal and incorporeal. Ibid. Obviously, the usufruct of the whole does not terminate when only certain individual things are destroyed. And it would not be a good policy to allow partial termination of the usufruct whenever individual things are lost or destroyed, whether by accident or as a result of the fault of a third person. Of course, if things are destroyed as a result of the fault of the usufructuary, the question of the termination of the entire usufruct may well be raised.
From a pragmatic viewpoint, it is not logical to terminate the survivor's usufruct over an automobile that has been destroyed as a result of the fault of a third person. The survivor is entitled to have the use of the automobile until it is reduced to a state of junk. Why should he be deprived of this right without any fault on his part? It would seem that he ought to be entitled to the use of the proceeds collected from the wrongdoers by application of the principle of real subrogation. Application of this principle is not contrary to the interests of the naked owners. If the usufructuary had enjoyed the automobile to the end of its useful life, the naked owners would be entitled to take it as junk. If the automobile is destroyed, and the principle of real subrogation applied, the naked owners will have, at the end of the usufruct, a claim for the sum of money that the usufructuary has collected from the wrongdoer. See Yiannopoulos, Personal Servitudes, Sec. 92, text at note 149 (1968).
Having concluded the usufruct of the surviving spouse has not terminated, it follows that the naked owners are not indispensable parties to the proceedings. Under the substantive law, the usufructuary has power of administration and is entitled to collect capital payments *234 representing indemnities for injuries attributed both to the enjoyment and the ownership. In his capacity as administrator, the usufructuary effectively represents the interest of the owner. See Yiannopoulos, Personal Servitudes, Secs. 36, 42 (1968). Barring collusion with the wrongdoer, which could be attacked collaterally by the naked owners, the usufructuary will normally seek maximum indemnity which will benefit the naked owners at the end of the unfruct. The usufructuary may, of course, implead the naked owners and the naked owners may intervene in the proceedings in order to safeguard their own interest; but there seems to be no compelling reason to classify the naked owners as indispensable parties in cases in which the usufruct has not terminated. On the contrary, due to the prevalence of the usufruct of the surviving spouse in Louisiana, it would be cumbersome to require the naked owners to become parties in all cases involving claims for the destruction of property subject to usufruct and to prove the value of their interest. In cases in which the usufruct does not terminate separate evaluation of the usufruct and of the naked ownership need not be made; the usufructuary will prove the value of the thing that has been destroyed and, if he recovers, he will enjoy an imperfect usufruct over the money collected. Rationally, the naked owners ought to be indispensable parties only in cases in which the usufruct terminates; in these cases the interests of the usufructuary and of the naked owners are distinguishable or even conflicting.
In Miller v. Colonial Pipeline Company, 173 So.2d 840 (La.App.2d Cir. 1965), a case in which there was no conflict of interests between the usufructuary and the naked owners, because recovery was sought for interference with the enjoyment only, we held that the naked owners were not indispensable parties. The rationale of that case may well be applied to the case under consideration, although, admittedly, the damage suffered here is attributed both to the enjoyment and the ownership.
The decision of the Louisiana Supreme Court in Tennessee Gas Transmission Company v. Derouen, 239 La. 467, 118 So. 2d 889 (1968), admittedly contains broad language which might lead to the conclusion that the naked owners are indispensable parties whenever their interests are affected by a judgment. "It is elementary," the court declared, "that every party who may be affected by a decree must be made a party to the suit, because no one should be condemned without a hearing." This case, however, is distinguished. In the first place, it was an expropriation, which involves special considerations. Secondly, it was the usufructuary who rasied the exception of nonjoinder of indispensable parties. It ought to be the privilege of the usufructuary to implead the naked owners whenever he feels this is necessary for an adequate administration of justice. And thirdly, it would seem that the holding of the court is compatible with the idea that the naked owners are "necessary" rather than "indispensable" parties. The result would be the same under either classification.
It is our conclusion that the naked owners of the interest subject to the surviving spouse's usufruct are not indispensable parties. Furthermore, Mrs. Barry, as the naked owner of one-half and usufructuary of the remaining one-half, can recover all damages attributable to the total destruction of the vehicle.
The next issues concern the amounts of the awards for personal injuries. After the accident, Mrs. Barry and her 2 children were taken to a hospital in Alexandria where they were seen in the emergency room by Dr. Harry Brian. Their injuries were minor. Miss Kathleen Barry suffered only contusions of *235 both arms. The trial court awarded her $50.
Daniel Barry suffered contusions of the knee, an abrasion of the left cheek and a cut on the left arm, for which no sutures were required. The wound was closed with a butterfly bandage. The court awarded him $150.
Mrs. Barry suffered a contusion of the neck. She contends she subsequently endured headaches and a great deal of tension. However, the evidence does not show this was attributable to the accident. The trial court awarded Mrs. Barry $100.
In view of the large discretion vested in the trial judge as to the amounts of awards for personal injuries, we will not interfere with those made in the present case.
The final issue concerns an award to Mrs. Barry in the sum of $333.70 for the rental of an automobile during a period of about 4 weeks after the accident. As a general rule, damages for loss of use of a vehicle are not recoverable where it is totally destroyed or its repair not economically feasible. However, loss of use is recoverable for a reasonable time allowed the owner to determine that the vehicle is a total loss and to secure a replacement. See Richoux v. Grain Dealers Mutual Insurance Company, 175 So.2d 883 (3rd Cir. 1965) and the authorities cited therein. In the present case, the district judge allowed about 4 weeks rental expense, which he must have found to be a reasonable time for Mrs. Barry to determine that her automobile was a total loss and to obtain a replacement. We find no manifest error.
For the reasons assigned, the judgment appealed is amended by increasing the award to Mrs. Barry by the sum of $925, her damages for destruction of the automobile. Otherwise than as herein amended, the judgment is affirmed. All costs of this appeal are assessed against the defendants.
Affirmed, as amended.

On Application for Rehearing.
En Banc. Rehearing denied.