HALL, Judge.
Plaintiff, Beverly Leigh Cory, filed suit against Harvey P. Hubbell and his liability insurer, Employers Mutual Liability Insurance Company, seeking recovery of damages for injuries sustained by her in a collision involving the Hubbell automobile and an automobile owned and operated by Roger T. Evans, in which she was riding as a guest passenger. Hubbell and Employers Mutual answered denying liability and by way of third party petition sought recovery against Roger T. Evans for damages to the Hubbell automobile, and, alternatively, for one-half (J4) of any amount for which they may be cast in favor of plaintiff. Plaintiff then amended her petition to name Roger T. Evans as an additional defendant. Evans answered denying liability and by third party petition sought recovery from Hubbell and Employers Mutual for damages to his automobile and, alternatively, for one-half (i/£) of any amount he might be cast in favor of plaintiff.
After trial on the merits, the district court in a written opinion, held that Hubbell was free from negligence and that the sole, proximate cause of the accident was the negligence of Evans. Accordingly, judgment was rendered in favor of plaintiff against Evans in the amount of $2,207.57; *763 in favor of Employers Mutual against Evans in the amount of $1,334.37; in favor of Employers Mutual and Hubbell rejecting the demands of plaintiff; and in favor of Hubbell and Employers Mutual rejecting the third party demands of Evans. From this judgment Evans perfected a suspensive appeal. Plaintiff perfected a devolutive appeal. Hubbell and Employers Mutual neither appealed nor answered the appeals taken by the other parties.
The accident occurred on March 28, 1971, between 9:30 and 10:00 p. m., on Youree Drive Extension in Shreveport. Youree Drive Extension is a four-lane thoroughfare running generally north and south with a median or neutral ground between the northbound and southbound lanes.
Hubbell and his wife were traveling south in their 1970 Buick Electra automobile, when they noticed an automobile stopped in the southbound, inside lane with the driver in apparent distress. Wishing to render assistance, Hubbell continued south to the next cut-through in the median at a cross street, turned left and drove back in a northerly direction. He drove north past the stranded motorist to the first cut in the median where he intended to turn through the cut in the median and back to his left to re-enter the southbound traffic lanes. This particular cut in the median is located opposite an access road entering Youree Drive Extension from the east and the obvious purpose of the cut in the median is to allow southbound traffic on Youree Drive Extension to turn into the access road and to allow traffic exiting from the access road to cross through and turn south.
Youree Drive Extension at the point of the cut in the median is practically straight and visibility is unobstructed for a substantial distance to the south. There is an upright pole with a crossarm supporting two vapor lights in the center of the median about fifteen or twenty feet south of the cut in the median and other similar lights fifty to one hundred yards apart along the median. At the time of the accident, it was raining or had been raining and the street was wet.
Hubbell turned into the cut in the median and stopped to allow southbound traffic to clear. Some ten to fourteen cars passed in front of him going south and one passed behind him going north. Both his front and rear lights were burning and he had his left-turn signal light on. His front bumper was near the western edge of the cut in the median which was approximately eight feet wide and, therefore, his automobile protruded approximately ten feet into the northbound lane of travel, blocking most of the inside lane but leaving sufficient distance behind his automobile for an automobile to pass in the outside lane. He remained in this position for some twenty to fifty seconds when the Evans vehicle proceeding north in the inside lane struck the Hubbell automobile on the left rear side.
Evans testified that he did not see the Hubbell automobile until he was approximately thirty-five to forty feet from it. He also testified he did not remember any cars proceeding in his lane ahead of him prior to the accident.
The trial judge held Hubbell was not negligent in attempting to turn through the crossover in the median, as the cut-through was there for the purpose of permitting people to cross over to and from the southbound lanes of traffic, particularly for traffic coming to and from the access road to the east. The trial judge further held that the sole and proximate cause of the accident was the failure of Evans to see the Hubbell automobile in sufficient time to stop before striking it, or in traveling at such a speed and not having his automobile under such control that he could stop before striking it.
We entirely agree with the trial judge’s findings of fact and with his conclusion that Evans was negligent. There is some dispute as to whether it was actually raining at the time of the accident, but even if it was, there was nothing to obstruct Evans’ view as he proceeded north and he *764 should have observed the Hubbell vehicle in a stopped position in sufficient time to slow down, bring his automobile to a stop or pass to the rear of the Hubbell automobile. Hubbell had his front and rear lights on and also his blinker light. The vapor lights in the median afforded additional illumination. By Evans’ own testimony, it must be concluded that he was not keeping a proper lookout. He was not confronted with a sudden emergency because the Hubbell automobile had been in this position within his plain view for at least half a minute. Evans was confronted with an emergency when he first noticed the Hubbell automobile but he contributed to the emergency himself by not keeping a proper lookout.
The issue of Hubbeil’s negligence presents a more difficult question for decision. Plaintiff argues that Hubbell was making a u-turn, a very dangerous maneuver, and that he was negligent in stopping with his automobile blocking the inside lane of northbound travel on a main thoroughfare, particularly at night and in rainy weather. On the other hand, Hubbell and his insurer argue that he was making a turn through a cut in the median as he had a right to do and that he was doing all he could reasonably do in remaining stopped for southbound traffic to clear. Hubbell and his insurer cite Allen v. Baucum, 218 So.2d 662 (La. App. 4th Cir. 1969) and Smith v. Glass, 202 So.2d 367 (La.App. 1st Cir. 1967) as authority for the proposition that it is not negligence for a driver to stop his vehicle in a cut in the neutral ground with the rear of the vehicle blocking the lane nearest the neutral ground. In both the Alien and Smith cases, motorists were crossing a four-lane divided highway on an intersecting street at a true intersection. In both cases the motorist reached the neutral ground and stopped to allow traffic to clear. In the Allen case, the rear of the stopped vehicle protruded approximately four feet into the lane nearer the neutral ground. In Smith, the rear of the stopped automobile extended two or three feet into the inside lane nearest the neutral ground. In both cases the court held that it was not negligence for a motorist crossing a multiple-lane highway to traverse one-half of the highway and stop in the neutral ground to await passage of traffic on the remaining portion, notwithstanding the neutral ground is not sufficiently wide to permit the crossing motorist to stop without any portion of his vehicle extending into the lanes already traversed. These decisions were in accord with an earlier case, Garrett v. Toye Bros. Yellow Cab Co., 58 So.2d 418 (La.App.Orl. Cir. 1952).
In the Smith case, the court pointed out that what is required of a crossing motorist under such circumstances is that he exercise reasonable care for his own safety as well as that of other motorists proceeding lawfully upon the highway and that what constitutes reasonable care is a matter to be determined in the light of circumstances of each particular case.
While these cases lend support to the position of Hubbell and his insurer, we are of the opinion the instant case presents important distinguishing circumstances. In the cited cases, the motorists were crossing the multiple-lane highway on an intersecting street at a true intersection. Here, Hubbell was attempting a u-turn. In the cited cases, the neutral ground was wide enough so that the automobiles protruded only slightly outside of the neutral ground. Here, the neutral ground was only eight feet wide and the Hubbell automobile blocked the entire inside lane of northbound travel. Here, the neutral ground provided virtually no protection to the turning motorist or to following traffic. The presence of the median in this case made the u-turn maneuver being attempted by Hubbell no more safe or any less dangerous than on a multiple-lane highway without a median.
It is well settled that a u-turn is one of the most dangerous maneuvers in which a motorist can indulge and that he must make sure that such a maneuver can be accomplished without danger to traffic to his left or rear. Booth v. Aetna Casualty & *765 Surety Co., 220 So.2d 188 (La.App. 1st Cir. 1969).
The cut in the median at the point of the accident was obviously not put there to afford motorists the opportunity of making a u-turn. The median is narrow at this point and the width of the north and southbound lanes of travel is such that the maneuver cannot be made without an automobile going into the median in an almost perpendicular direction, thereby leaving more of the automobile extending beyond the neutral ground than would be the case if the automobile could be turned into the median at an angle. It should be noted that there are other cuts in the neutral ground along Youree Drive Extension of sufficient width and design to have allowed Hubbell to have reversed his direction in safety. He testified he was well familiar with the street.
All circumstances considered, it is our opinion that the maneuver attempted by Hubbell was dangerous and that he did not exercise reasonable care in attempting the maneuver when it should have been obvious that it would be necessary for him to stop, blocking the northbound inside lane of travel. We conclude that Hubbell was negligent and that his negligence was a contributing, proximate cause of the accident and the resulting injuries to plaintiff.
Since the negligence of Hubbell and Evans combined to cause plaintiff’s injury, she is entitled to judgment against both, and Hubbell’s insurer, in solido. Evans is entitled under his third party demand to judgment against Hubbell and his insurer for one-half (1/2) of the amount for which he is cast. Because Hubbell and his insurer did not appeal nor answer the appeals, their third party demand against Evans for contribution is not before this court. LSA-Code of Civil Procedure Article 2133. Shirley v. Aetna Casualty & Surety Company, 256 So.2d 462 (La.App. 2d Cir. 1972). Hubbell and Employers, by reason of Hubbell’s contributory negligence, are not entitled to recover from Evans for damage to the Hubbell vehicle.
For the reasons assigned, the judgment of the district court is affirmed in part and reversed in part and recast as follows:
It is ordered, adjudged and decreed, that there be judgment in favor of the plaintiff, Beverly Leigh Cory, and against the defendants, Roger T. Evans, Harvey P. Hub-bell and Employers Mutual Liability Insurance Company of Wisconsin, in solido, in the full sum of Two Thousand Two Hundred Seven and 57/100 ($2,207.57) Dollars, plus legal interest thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed, that there be judgment in favor of of third party defendant, Roger T. Evans, and against third party plaintiff, Employers Mutual Liability Insurance Company of Wisconsin, rejecting the demands of the third party plaintiff for damages to the Hubbell automobile.
It is further ordered, adjudged and decreed, that there be judgment herein in favor of third party plaintiff, Roger T. Evans, and against third party defendants, Harvey P. Hubbell and Employers Mutual Liability Insurance Company of Wisconsin, for contribution in the amount of one-half Q/i>) of the amount of the judgment in favor of plaintiff against Roger T. Evans.
It is further ordered, adjudged and decreed, that there be judgment in favor of the third party defendants, Harvey P. Hub-bell and Employers Mutual Liability Insurance Company of Wisconsin, and against the third party plaintiff, Roger T. Evans, rejecting the demands of the third party plaintiff for damages to his automobile.
It is further ordered, adjudged and decreed, that the costs of this proceeding, including the cost of appeal, be assessed one-half (1/2) to Roger T. Evans and one-half (1/2) to Harvey P. Hubbell and Employers Mutual Liability Insurance Company of Wisconsin.
Affirmed in part, reversed in part and recast.