374 So.2d 1275 (1979)
Alton J. MENARD, Sr., et al., Plaintiff-Appellee,
v.
Christopher PREJEAN et al., Defendants-Appellants.
No. 7132.
Court of Appeal of Louisiana, Third Circuit.
August 30, 1979.
*1276 Olivier & Brinkhaus, John L. Olivier, Sunset, for defendants-appellants.
Steven P. Shea, New Iberia, for plaintiff-appellee.
Before SWIFT, STOKER and DOUCET, JJ.
SWIFT, Judge.
This is a suit by Alton J. Menard, Sr., individually and as administrator of the estate of his 14 year old son, Alton J. Menard, Jr., to recover damages for his child's personal injuries as well as the property damages and medical expenses which allegedly resulted when his tractor, driven by young Menard, was struck in the rear by an automobile on April 30, 1977, in St. Martin Parish. Named as defendants are Christopher Prejean, the driver of the automobile; his father, Randall Prejean, the owner of the automobile; and Heritage Insurance Company, the insurer of the car.
The trial court rendered judgment in favor of the plaintiff and against all defendants in solido. The latter have appealed and the plaintiff has answered same seeking an increase in the award for the child's injuries. The defendants no longer question the trial court's finding of fault on the part of Christopher Prejean. However, they contend on this appeal that the judge erred in awarding damages for the loss of use of plaintiff's tractor.
In his judgment the trial judge made the following awards:
(1) $700.00 for the total loss of the tractor, its value having been stipulated by counsel;
(2) $650.00 for rental by plaintiff of another tractor;
(3) $1120.00 for the cost of baling 2,240 bales of plaintiff's hay;
(4) $108.00 for medical expenses of Alton J. Menard, Jr.; and
(5) $500.00 for the minor's personal injuries.
At the time of the accident, in addition to his regular employment, the plaintiff raised cattle and trained horses on a six acre tract. He used his tractor for cleaning his pasture and for making hay as feed for the livestock.
*1277 Mr. Menard testified that he realized the day of the accident that the tractor could not be repaired and was a total loss. However, he was unable to find a replacement unit that he could afford until December, 1977, more than eight months later, when he purchased a used tractor for $1,000.00.
Shortly after the collision Menard rented a tractor from Louis Prejean that he used to clean his pasture. He paid a total rental of $650.00, which he said was based on a fee of $5.00 per day, for the lease of this tractor. According to plaintiff's testimony, the rented tractor was too small to use for baling hay, so he had to hire another person with a tractor to cut and bale the hay for him at a total cost of $1120.00.
The trial court concluded that these expenses were necessitated by the loss of use of the plaintiff's tractor and allowed recovery therefor.
The prevailing rule in this circuit concerning such items of damage was recently stated in Washington v. Lake City Beverage, Inc., 352 So.2d 717 (La.App. 3 Cir. 1977), writ denied, 354 So.2d 1050 (La.1978), as follows:
"Generally, damages for loss of the use of a vehicle (or for the rental of another) are recoverable. However, that rule is subject to the following reservation. In those cases in which the wrecked vehicle is totally destroyed or its repair is not economically feasible, those damages are recoverable only for a reasonable time, that period in which the owner becomes aware of the situation and secures a replacement therefor. Hoffman v. All Star Ins. Corp., 288 So.2d 388 (La.App. 4 Cir. 1974), writ refused, 290 So.2d 909 (La.); Barry v. United States Fidelity & Guaranty Co., 236 So.2d 229 (La.App. 3 Cir. 1970)."
In the present case, since the plaintiff knew immediately after the accident that his tractor was a total loss, no damages for loss of its use or the rental of a replacement are recoverable beyond the reasonable time it would take for a replacement tractor to be purchased.
The plaintiff argues that the time between the collision and his purchase of the replacement tractor was reasonable, because he did not have the financial means to purchase a second-hand tractor at the going prices in the area and was unable to procure a replacement until December, 1977.
In Hoffman v. All Star Insurance, supra, the Fourth Circuit Court of Appeal said that while the lack of adequate finances to purchase a replacement boat provoked much sympathy, the law does not support the inclusion of damages for the loss of use of such an item beyond a reasonable time that it would take for the replacement unit to be purchased had adequate finances been available. We believe that to hold otherwise would definitely open the door to the possibility of considerable abuse.
In this case we conclude that 30 days was a reasonable period of time for a replacement tractor to have been purchased. No damages will be allowed for loss of use or rental of a replacement tractor beyond that time period. The plaintiff rented the tractor about one week after the accident. Therefore, he is entitled to $5.00 per day for 23 days, or $115.00, for such rental.
The record does not contain any evidence as to when the plaintiff's hay was baled, except a receipt dated August 6, 1977, reflecting the payment of $1,120.00 by Mr. Menard to Stanley Trahan for "Baleing (sic) 2,240 bales of Hay at 50 cents per bale". Aside from the question of the admissibility of the receipt in evidence, since the accident occurred on April 30, 1977, it does not appear that the hay was baled during the thirty day period allowed for the purchase of a replacement tractor. Certainly, the plaintiff has failed in his duty to carry the burden of proof in this respect. Therefore, no recovery can be allowed for such item.
In the second specification of error defendants contend the award of $500.00 for the minor son's injuries is excessive and should be reduced to $150.00. On the other hand, the plaintiff argues that the award is inadequate and should be increased to $2,000.00.
*1278 The record shows that two days after the accident Alton J. Menard, Jr. was seen by Dr. Lawles J. Bourque at the emergency room of Our Lady of Lourdes Hospital in Lafayette. The doctor concluded that his injuries consisted of contusions of the left knee, right hip and right chest. In his deposition of November 30, 1978, Dr. Bourque testified that he considered such injuries were minor, but he felt they were bad enough to justify x-rays. As the x-rays were negative, only heat and aspirin were prescribed. The boy was requested to return or see another doctor if he had any further problems. He did not return to Dr. Bourque for further treatment. In February, 1978, he was seen by a Dr. Moreau, but the complaint concerned his right knee. The trial judge concluded this was not related to the accident.
Alton, Jr. testified that the bruises caused soreness for two or three weeks, after which time he had no further problems attributable to the accident.
The amount of damages to be awarded for personal injuries lies within the sound discretion of the trial court and is not to be disturbed on appeal unless the record clearly reveals that the court abused its much discretion in making the award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Our review of the record has not disclosed any abuse of such discretion in this instance. Consequently, the award for Alton J. Menard, Jr.'s personal injuries will be affirmed.
For the foregoing reasons, the judgment of the district court is amended to reduce the amount awarded to the plaintiff, individually, from $2578.00 to $923.00 and as thus amended it is affirmed. The costs of this appeal are assessed to the plaintiff.
AMENDED AND AFFIRMED.