416 So.2d 1383 (1982)
Meldon M. MESHELL, Plaintiff-Appellant-Appellee,
v.
INSURANCE COMPANY OF NORTH AMERICA, et al., Defendants-Appellants-Appellees.
No. 82-3.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1982.
*1385 Smith, Ford & Clark, Chris Smith, III, Leesville, for Meshell.
Provosty, Sadler & deLaunay, F. Rae Swent, Alexandria, for Insurance Co. of North America, et al.
Skeels, Baker, Coleman & Strickland, Donald L. Baker, Shreveport, for intervenor-appellee.
Trimble and Associates, Lon P. Wilson, Alexandria, for defendants-appellees.
Before CULPEPPER, SWIFT and LABORDE, JJ.
CULPEPPER, Judge.
This case is consolidated with two others which arise out of a collision between a large dump truck, owned and driven by the plaintiff, Meldon M. Meshell, and a pickup truck, owned by Montgomery-Ward and being driven by its employee, John Noel. In the present case, plaintiff sues Noel and Montgomery-Ward for damages for personal injuries, property damage and loss of profits. In our Docket No. 82-4, "G.M.A.C. v. Meldon M. Meshell," 416 So.2d 1390, the plaintiff seeks to foreclose on a mortgage on the dump truck. In No. 82-5 on our docket, "Meldon M. Meshell v. Motors Insurance Corporation," 416 So.2d 1391, plaintiff sues his collision insurer for the value of the dump truck which Meshell contends was a total loss, for penalties and attorney's fees and for loss of profits. The district judge found the accident was caused solely by the negligence of Noel, the Montgomery-Ward employee. In the present case, the court awarded plaintiff judgment against Noel and Montgomery-Ward for $750 personal injuries and mental anguish, $5,533.33 representing the value of the dump truck less salvage of $1,700, and $9,938 loss of profits, a total award of $16,221.33. In our Docket No. 82-4, 416 So.2d 1390, judgment was in favor of General Motors Acceptance Corporation and against Meshell for the balance of $5,647.18 due on its mortgage, which sum is payable out of the award to Meshell and against Noel and Montgomery-Ward. In our Docket No. 82-5, 416 So.2d 1391, the trial judge rejected Meshell's demand against Motors Insurance Company for penalties and attorney's fees and loss of profits, and awarded Motors Insurance Corporation judgment for $2,089 on its third party demand, representing the amount which it paid to Meshell for repairs to the dump truck, said amount to be paid from the award in favor of Meshell and against Noel and Montgomery-Ward. Noel and Montgomery-Ward appeal. Plaintiff Meshell also appeals. Separate judgments are rendered by us this date in these companion cases.
Defendants Noel and Montgomery-Ward raise the following issues on appeal:
1) Whether the trial court erred in finding that the defendant Noel's conduct was the sole cause of the accident;

*1386 2) Whether the court erred in awarding the plaintiff $750 for personal injury and mental anguish;
3) Whether the trial court erred in its award for loss of use of the plaintiff's vehicle for 60 days and in calculating the award based on a 6-day work week;
4) Whether the district court erred in casting the defendants in judgment on MIC's third party demand for reimbursement.
The plaintiff-appellant raises three issues on appeal:
1) Whether the trial court erred in finding that MIC's failure to pay the plaintiff the full value of his truck was not arbitrary, capricious or without reasonable cause;
2) Whether the trial court erred in refusing to cast MIC in judgment for damages due to the loss of use of the vehicle;
3) Whether the trial court erred in failing to award the plaintiff adequate damages.

GENERAL FACTS
The accident from which this suit arose occurred on December 16, 1978 at approximately 10:30 a. m. on Louisiana Highway 464 in Vernon Parish. The plaintiff Meshell was proceeding north with a load of gravel in his 1974 Chevrolet tractor and dump truck/trailer rig. John V. Noel, III was proceeding south in a service truck belonging to his employer, Montgomery-Ward. Noel was in the course and scope of his employment with Montgomery-Ward at the time of the accident. Highway 464 is a narrow, two-lane blacktop road and was wet at the time pertinent hereto, as it had rained earlier in the day.
As the two vehicles approached each other on the highway, the plaintiff was crossing a bridge and defendant Noel was entering a curve just north of the bridge. As he entered the curve, Noel applied his brakes and his vehicle skidded into the opposing lane where it collided with the plaintiff's vehicle.

NEGLIGENCE
Defendant Noel testified that as he approached the curve he saw the plaintiff's truck straddling the center line and proceeding toward him. This was his reason for application of his brakes, which caused his vehicle to begin skidding and move into plaintiff's lane. The plaintiff testified that Noel was traveling in the middle of the road when he first saw him, but had moved over to Noel's side of the road and straightened his vehicle before he began to skid into plaintiff's lane. Meshell stated he pulled his truck off the road to his right just before the collision occurred. It was clearly established that the point of impact was located in plaintiff's lane of travel.
Defendants argue that Noel acted reasonably in a sudden emergency not of his own making. They cite Henderson v. Shewbart, 112 So.2d 727 (La.App. 1st Cir. 1959) and State Farm Mutual Automobile Insurance Company v. Hamilton, 91 So.2d 438 (La. App. 2d Cir. 1956). These cases are factually inapposite to the instant one. The Henderson case involved a following motorist who hit his brakes and skidded into the car in front of him when confronted with an accident which was occurring just ahead of him. The State Farm case involved a driver who was suddenly confronted with a car which had been negligently placed in the path of highway traffic. Therefore, it was held that in light of the emergency situation created by other vehicles the actions of these defendants were entirely reasonable, and they could not be required to anticipate the occurrence of these obstructions in their immediate paths.
The sudden emergency doctrine is available only to a driver proceeding carefully and prudently who does not contribute to the creation of the sudden emergency. It is not available to a person who participates in creation of an emergency or who fails to properly act in order to avoid an emergency. Smith v. Marquette Casualty Company, 247 La. 1054, 176 So.2d 133 (1965); Hebert v. Lefty's Moving Service, 389 So.2d 855 (La.App. 4th Cir. 1980).
*1387 The driver of a vehicle has the duty to maintain a proper lookout and to keep control of his vehicle at all times. Cory v. Employers Mutual Liability Insurance Company of Wisconsin, 267 So.2d 761 (La.App. 2d Cir. 1972); Hebert v. Lefty's Moving Service, supra. The trial court found that Noel failed to maintain control of his vehicle and permitted it to skid into the lane of travel properly occupied by the plaintiff's vehicle, where the two vehicles collided. He held that the defendant's conduct was negligent and was the sole cause of the accident. Our review of the record reveals no manifest error in these findings. Nor does the evidence show that the trial court was clearly wrong in finding the plaintiff free of contributory negligence. We therefore affirm the trial court's holding on the issue of liability.

DAMAGES FOR PERSONAL INJURY AND MENTAL ANGUISH
The first element of damages to be considered is the award of $750 for personal injuries and mental anguish. The defendant contends that this award is in error since it is unsupported by the evidence. We agree.
There is no evidence that plaintiff received any personal injuries or even that he was jostled in the accident. The mere presence of the plaintiff in his truck at the time of the accident does not entitled him to an award for personal injuries. State Farm Mutual Automobile Insurance Company v. Terrebonne, 356 So.2d 1073 (La.App. 4th Cir. 1978).
The four instances in which an award for mental anguish as a result of damage to property is normally permitted were set out in Dugas v. St. Martin Parish Police Jury at 351 So.2d 271 (La.App. 3rd Cir. 1977), writ denied 353 So.2d 1046 (La.1978).
"[4] According to Louisiana jurisprudence as regards an award for mental anguish as a result of damage to property, recovery is normally permitted in but four instances: (1) property is damaged by an intentional or illegal act; (2) property is damaged by acts for which the tort-feasor will be strictly or absolutely liable; (3) property is damaged by acts constituting a continuous nuisance; (4) property is damaged at a time in which the owner thereof is present or situated nearby and the owner experiences trauma as a result. Farr v. Johnson, 308 So.2d 884 (La.App. 2 Cir. 1975), writ refused, 310 So.2d 854 (La.), and cases cited therein."
There is no evidence to bring this case within any of the four instances in which an award for mental anguish would be permitted. Minimal worry over damage to ones property is not recoverable "damage." See Farr v. Johnson, 308 So.2d 884 (La.App. 2d Cir. 1975).
We therefore find that this plaintiff is not entitled to any award of damage for personal injuries or mental anguish.

DAMAGES FOR LOSS OF USE OF THE TRUCK
The defendants also contend that it was error for the trial court to award the plaintiff damages for loss of use of his dump truck for 60 days. The gravel truck was the plaintiff's sole means of livelihood. An adjuster procured by Montgomery-Ward examined the truck three days after the accident and estimated that repair would cost more than the truck's fair market value less its salvage value. Therefore, he deemed it to be a total loss. The trial court correctly accepted this testimony.
Loss of the truck's use resulted in the plaintiff's loss of earnings from hauling sand and gravel. Meshell stated that soon after the accident he began searching for a replacement. He was unsuccessful in his attempts to find a suitable replacement until the second week in February. This truck had to be replaced a few weeks later because it was not mechanically sound. The trial court allowed recovery for earnings lost as a result of the accident for a period of 60 days.
The general rule is stated in Washington v. Lake City Beverage, Inc., 352 So.2d 717 (La.App. 3rd Cir. 1977), writ denied 354 So.2d 1050 (La.1978):

*1388 "Generally, damages for loss of the use of a vehicle (or for the rental of another) are recoverable. However, that rule is subject to the following reservation. In those cases in which the wrecked vehicle is totally destroyed or its repair is not economically feasible, those damages are recoverable only for a reasonable time, that period in which the owner becomes aware of the situation and secures a replacement therefor. Hoffman v. All Star Ins. Corp., 288 So.2d 388 (La.App. 4 Cir. 1974), writ refused, 290 So.2d 909 (La.); Barry v. United States Fidelity & Guaranty Co., 236 So.2d 229 (La.App. 3 Cir. 1970)."
(See also Menard v. Prejean, 374 So.2d 1275 (La.App. 3rd Cir. 1979).
The court in the instant case found that 60 days was a reasonable time to take to secure a suitable replacement for the plaintiff's gravel truck, and that the plaintiff made a good faith effort to do so within that time. Considering the nature and cost of the property sought to be replaced, we find no abuse of discretion in awarding damages for this length of time.
The defendants contend further that the trial court erred in basing the award for loss of use on the premise that the plaintiff worked six days a week. We find sufficient evidence in the record to support the court's conclusion that the plaintiff quite often worked six days a week hauling gravel and is entitled to an award on this basis.

VALUE OF THE TRUCK
The plaintiff takes issue with the trial court's award of $5,533.33 for the value of the truck, based on the appraised value of $7,233.33, less the salvage of $1,700. He argues the trial court erred in deducting the salvage. The plaintiff contends the salvage should not be deducted from the award since he did not receive the benefit thereof. However, since the salvage was sold at the foreclosure sale by GMAC, and the proceeds thereof applied against the amount plaintiff owed on the note for which the truck stood as security, the plaintiff did in fact receive the benefit of the truck's salvage value, as properly pointed out by the trial court. We therefore find no abuse of discretion in the trial court award to the plaintiff for the value of the truck.

LOSS OF FUTURE PROFITS DUE TO SMALLER REPLACEMENT TRUCK
The plaintiff contends he sustained future damages because he was unable to secure a vehicle comparable in size to the one which he lost. Therefore, he had to use a smaller vehicle which produced less income per load.
It is an established rule that lost profits resulting from an offense or quasi offense must be proved with reasonable certainty, and damages will not be allowed where the lost profits are purely conjectural or uncertain. LSA-C.C. article 2315; Koncinsky v. Smith, 390 So.2d 1377 (La.App. 3rd Cir. 1980); Galloway v. Tenneco Oil Company, 313 So.2d 317 (La.App. 4th Cir. 1975); writ denied 318 So.2d 42 (La.1975).
The plaintiff introduced testimony of an economic expert calculating his future economic loss in terms of the difference in capacity of the two trucks. The one which was damaged had a 20 cubic yard capacity, whereas the replacement truck had only a 17 cubic yard capacity. He estimated the plaintiff carried 12 fewer yards per day with the new truck and suffered a net loss of $2.39 per yard.
The trial court found the plaintiff failed in his burden of proof of a causal connection between the defendants' negligence and the claimed loss of future profits. Plaintiff failed to show there were no trucks available to him with the same capacity as the damaged truck. He testified himself that trucks of this size were available, but stated that he lacked the financial means with which to purchase one.
We find the following rule, stated in Menard v. Prejean, supra, applicable in the instant situation:
"... while the lack of adequate finances to purchase a replacement boat provoked much sympathy, the law does not support *1389 the inclusion of damages for the loss of use of such an item beyond a reasonable time that it would take for the replacement unit to be purchased had adequate finances been available. We believe that to hold otherwise would definitely open the door to the possibility of considerable abuse."
See Hoffman v. All Star Insurance, 288 So.2d 388 (La.App. 4th Cir. 1974); writ denied 290 So.2d 909 (La.1974).
Furthermore, the plaintiff introduced no evidence to show the expected work-life of the damaged truck if the accident had not occurred. We conclude that the trial court did not commit an abuse of discretion in finding this element of the plaintiff's claim too speculative.

PLAINTIFF'S CLAIM AGAINST MIC
The plaintiff contends the trial court erred in holding that MIC was not arbitrary and capricious and without reasonable cause in its failure to pay the plaintiff under his collision policy, and thus not liable for penalties and attorney's fees under LSA-R.S. 22:658. We find no merit in this contention.
Mr. Meshell first reported his claim to MIC on January 17, 1979, one month after the accident. The next day he again called MIC and advised the claims clerk that he did not want his property damage claim to be handled under MIC's collision policy. He said he planned instead to pursue his claim directly against the responsible tort-feasor. At that point, MIC closed its file. Then on March 21, 1979, he advised MIC that he wished to make the claim under his collision policy. MIC then reopened the file and sent an adjuster to inspect the damage to the vehicle. At this point a substantial dispute arose as to whether the vehicle was a total loss or whether it could be repaired. MIC subsequently tendered to the plaintiff a check for $2,089.96, which was the amount of the company adjuster's repair estimate. MIC also subsequently tendered another check to cover possible hidden damages not discovered by the adjuster.
The penalty provisions of LSA-R.S. 22:658 are penal in nature and are imposed in only those instances where the facts show that the insurer's failure to timely pay benefits is arbitrary, capricious or without probable cause. The burden of proof is on the claimant to show that the failure to pay is arbitrary and capricious. Thomas v. McInnis Bros. Construction, Inc., 401 So.2d 522 (La.App. 2d Cir. 1981); writ denied 406 So.2d 608 (La.1981); Carter v. American Mutual Liability Insurance Company, 386 So.2d 1072 (La.App. 3rd Cir. 1980); Breaux v. Marine Electric & Reliance Insurance Company, 369 So.2d 196 (La.App. 3rd Cir. 1979).
The trial court's conclusion with regard to the assessment of penalties and attorney's fees under this statute is a factual determination which should not be disturbed absent a finding of manifest error. Carter v. American Mutual Liability Insurance Company, supra; Cullivan v. Fish Engineering & Construction Company, Inc., et al., 354 So.2d 597 (La.App. 3rd Cir. 1977).
The trial court concluded the delay in payment by MIC was attributable as much to the action or inaction of the plaintiff himself as it was to MIC and, accordingly, rejected plaintiff's claim. We decline to disturb this holding on appeal inasmuch as we discern no manifest error therein.
As for plaintiff's claim against MIC for damages for loss of use of the truck, the trial court correctly pointed out that the plaintiff failed to establish a causal connection between the tardy disposition of his claim under the policy and his loss of earnings. Accepting his assertion that his damage was sustained primarily because he did not have the funds to obtain another comparable truck, the evidence does not show that his loss would have been lessened by an earlier disposition of his claim by MIC. See Hoffman v. All Star Insurance Corporation, supra. We therefore affirm the trial court's rejection of the plaintiff's claim against MIC.

*1390 MIC's THIRD PARTY DEMAND
Defendants Noel and Montgomery-Ward contend that it was error for the trial court to cast them in judgment on MIC's third party demand for reimbursement of the $2,089 paid to the plaintiff's insured for damages to his vehicle. They argue that the effect of this judgment is to cast them twice for the same loss. We find this contention to be without merit.
The trial court judgment in favor of the plaintiff Meshell and against the defendants Noel and Montgomery-Ward included the sum of $5,533.33 for the loss of the value of his truck. The judgment on the third party demand by MIC specifically decreed that the defendants, Noel and Montgomery-Ward, were liable to MIC for the sum of $2,089 to be paid from the award in favor of plaintiff Meshell in the tort suit, and for which the defendants would receive credit on the judgment in the tort suit. The award in favor of the intervenor GMAC is against plaintiff alone, to be paid from the award in his favor against the defendants Noel and Montgomery-Ward. Thus, all parties have been satisfied for their losses, and the defendants have not been cast with liability for more than the value of the vehicle in question at the time of loss. This aspect of the trial court judgment is affirmed.
For the reasons assigned, the judgment appealed is amended to delete the award of $750 to Meshell for personal injuries and mental anguish, thereby reducing the award to Meshell to the sum of $15,471.33. In all other respects, the judgment appealed is affirmed. Costs of this appeal are assessed against defendants-appellants-appellees.
AFFIRMED, AS AMENDED.