NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 08-994


TRIVISKIEY ARDOIN, ET AL.

VERSUS

SAFEWAY INSURANCE COMPANY OF LOUISIANA, ET AL.


**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 68591-A
HONORABLE JOHN LARRY VIDRINE, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.

Shelley A. Deville
Attorney at Law
P. O. Box 716
Ville Platte, LA 70586
(337) 363-0707
Counsel for Plaintiffs/Appellees:
Triviskiey Ardoin
Desmond Thomas

**Dana C. Graham**
**Borne & Wilkes, L.L.P.**
**P. O. Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**Counsel for Defendants/Appellants:**
**Safeway Insurance Company of Louisiana**
**Spencer Estilette**
**Mary Estilette**

**EZELL, JUDGE.**

Defendants in this case appeal two awards of special damages; a $300.00 award for the damage and replacement of various supplies on a truck used in an electrical business and a $1,500.00 award for loss of income and jobs due to loss of use of the truck. For the following reasons, we affirm.

## FACTS

On September 19, 2006, Spencer Estilette failed to observe a stop sign and hit the truck driven by Triviskiey Ardoin. Mr. Estilette was driving a car owned by Mary Estilette. Mr. Ardoin worked for Desmond Thomas Electrical Company and was driving a service truck at the time of the accident. The business was owned by Desmond Thomas.

The case was tried before a judge on April 24, 2008. Prior to trial, it was stipulated that Mr. Estilette was the sole cause of the accident and Safeway Insurance Company provided coverage for the accident. It was also stipulated that property damage to the truck was $3,350.00 The remaining issues at trial concerned the special damage claims of Mr. Thomas. The trial judge made the following awards: $193.44 for the damage and replacement of one fiberglass step ladder; $268.37 for the damage and replacement of one electrical panel box; $300.00 for the damage and replacement of other various supplies and inventory; and $1,500.00 for the loss of income and jobs associated with the pickup truck being down and unavailable for other jobs. The Defendants appeal the awards for the supplies and inventory and loss of income and jobs.

## DISCUSSION

The Defendants argue that the awards for $300.00 and $1,500.00 were erroneous due to lack of evidentiary support. They argue that the awards were based

1

on Mr. Thomas's own estimates without any evidence to support his testimony.

When a trier of fact assesses special damages, the discretion is more limited or narrower than the discretion to assess general damages, but the standard of review is still that of abuse of discretion. *Cottle v. Conagra Poultry Co.*, 06-1160 (La.App. 3 Cir. 3/14/07), 954 So.2d 255. Proof by a preponderance of evidence is required to establish special damages. *Iwamoto v. Wilcox*, 04-1592 (La.App. 3 Cir. 4/6/05), 900 So.2d 1047, *writ denied*, 05-1624 (La. 1/9/06), 918 So.2d 1050.

Lost Supplies

"Generally, the owner of property is qualified to testify as to the value of his property." *Clark v. Clarendon Ins. Co.*, 02-1314, p. 6 (La.App. 3 Cir. 3/26/03), 841 So.2d 1039, 1044. *See also Thonn v. Cook*, 03-763 (La.App. 4 Cir. 12/10/03), 863 So.2d 628. "The accuracy of the owner's opinion goes to the weight to be accorded the opinion, not to its admissibility." *Clark*, 841 So. 2d at 1044.

Mr. Ardoin testified at trial and stated that a lot of tools and supplies were thrown out of the truck as a result of the accident. He could see items flying out of the truck when it started to spin.

Mr. Thomas explained that different types of materials are kept on the truck so that they are available when needed on the job. Some of the items kept on the truck included breakers, receptacles, old work boxes, pop-in boxes, a few light bulbs, plates, and switches. Mr. Thomas went to the scene of the accident. He observed many of the items scattered all over the street. He did try to retrieve and save as much as possible.

Mr. Thomas also stated that he buys about four boxes of receptacles and switches at a time and breakers of different sizes. He prepared an invoice which was an estimate of what was lost and damaged as a result of the accident. The estimate

2

was based on how much the items cost when he purchased them in the past. This estimate introduced into evidence indicated a value of $500.00.

We find no abuse of discretion in the trial judge's award of $300.00 for damage and replacement of supplies. There is no doubt that items on the truck were destroyed. Given the fact that it is impossible to know exactly what was on the truck at the time of the accident, we find the trial judge recognized that Mr. Thomas' value was an estimate and reduced it accordingly.

Loss of income and jobs

Damages are generally recoverable for the loss of the use of a vehicle. *Meshell v. Ins. Co. of N. Am.*, 416 So.2d 1383 (La.App. 3 Cir. 1982); *Whitehead v. Kansas City S. Ry. Co.*, 99-896 (La.App. 3 Cir. 12/22/99), 758 So.2d 211, *writ denied*, 00-209 (La. 4/7/00), 759 So.2d 767.

Mr. Thomas testified that he could not use the truck for four to six weeks. He estimated that without the truck he could not work about ten to twelve service calls. He admitted that he does not keep a formal record of people who call him. Mr. Thomas further testified that he lost profits in the range of $200.00 to $300.00 per call. An estimate prepared by Mr. Thomas was introduced into evidence which indicated a loss of income of $3,000.00.

There is no doubt that Mr. Thomas lost jobs as a result of the accident. In making an award of $1,500.00 for loss of income, we find that the trial judge took into account that Mr. Thomas was estimating the number of jobs he lost. We find no abuse of discretion in the trial judge's award for loss of income.

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Spencer Estilette, Mary Estilette, and Safeway Insurance Company of Louisiana.

**AFFIRMED.**

3

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3 Uniform Rules, Court of Appeals.