393 So.2d 173 (1980)
Shelby L. WATSON
v.
Mark R. HAIK, d/b/a Farm and Country Realty.
No. 13744.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
*174 George P. Bevan, Baton Rouge, for plaintiff-appellee Shelby L. Watson.
James H. Morgan, III, Baton Rouge, for defendant-appellant Mark R. Haik, dba Farm & Country Realty.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
This is a suit for a real estate salesman's commission against his broker. Defendant appealed from the judgment.
The issues are: the oral revocation or modification of the broker-salesman contract and estoppel of plaintiff to assert his claim. We affirm.
Plaintiff secured a listing for some property while employed by defendant broker as an independent sales contractor. After negotiations, in some of which defendant participated, plaintiff also obtained a purchase agreement. When the prospective purchasers refused to perform, defendant requested plaintiff to share in the expenses necessary to effect collection. Plaintiff said he was financially unable to participate in any legal action. Immediately thereafter plaintiff terminated the employment relationship. After suit was filed, defendant made a compromise settlement, whereupon plaintiff requested his share of the commission as listing and selling agent. Defendant refused and plaintiff filed suit. The trial court awarded plaintiff one-half of the commission less one-half of defendant's legal expenses.
Defendant claims plaintiff's refusal to participate in the case of the legal action constituted a revocation or a modification of his contract. The agreement between plaintiff and defendant provided:
"Expenses, which, must by reason of some necessity be paid from the commission, or, are incurred in the collection of, or in the attempt to collect the commission, shall be paid by the parties in the same proportion as provided for herein in the division of commissions."
"13. * * * The rights of the parties to any commission earned prior to said notice shall not be divested by the termination of this contract."
"14. When this agreement has been terminated for any reason the Salesman's regular proportionate share of commission on any deals Salesman has made that are not closed shall be considered his property, and upon closing of said deals, said proportionate share of the commission shall be paid to him; and Salesman shall agree that all listings taken by said Salesman shall be exclusive property of FARM AND COUNTRY REALTY, and Salesman will relinquish any claims to any future commission on previously listed property."
A written contract may be modified or nullified by mutual consent of the parties, LSA-C.C. Arts. 1901, 1945; Arceneaux v. Adams, 366 So.2d 1025 (La.App. 1st Cir. 1978). However, we do not read the contract to require payment of collection expenses in advance. Moreover, the testimony concerning plaintiff's conversation with defendant as to his interest in the *175 commission and his subsequent knowledge of the lawsuit and settlement is conflicting. The trial judge felt plaintiff's inability or refusal to participate in the lawsuit was not intended to be a revocation of his property right in the commission. We cannot say there was error.
Defendant claims in the alternative that plaintiff is estopped from seeking a percentage of the commission by his own voluntary conduct and inaction in seeking to assert his claim until after the settlement.
Because equitable estoppel bars the normal assertion of rights, each element must be proven. These elements are: (1) a representation by conduct or work, (2) justifiable reliance thereon; and (3) a change in position to one's detriment because of the reliance. American Bank and Trust Co. v. Trinity Universal Insurance Co., 251 La. 445, 205 So.2d 35 (1967); Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975).
Defendant asserts his settlement for lesser amount during negotiations constituted a change in position to his detriment in reliance on plaintiff's representations. His attorney, however, listed several factors that influenced settlement; among these were the jurisdiction of the court, the absence of an important witness and the difficulty of appeal. Moreover, in view of the terms of the contract, we cannot hold that there was a representation of inaction or that there was justifiable reliance thereon. The plea of equitable estoppel was rejected and we find no error.
For the above reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.