420 So.2d 1222 (1982)
Benny W. O'BRIAN, Plaintiff-Appellee,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellant.
No. 82-45.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
*1223 Provosty, Sadler & deLaunay, Ronald J. Fiorenza, Alexandria, for defendant-appellant.
Watson, Murchison, Crews, Arthur & Corkern, William P. Crews, Jr., Natchitoches, for plaintiff-appellee.
Before CULPEPPER, GUIDRY and LABORDE, JJ.
LABORDE, Judge.
This is a property damage case resulting from an automobile accident. Plaintiff, Benny W. O'Brian, sued his insurance carrier, Allstate Insurance Company, pursuant to a contract of insurance between the parties. The case arose from a dispute as to the actual cash value of plaintiff's 1971 customized Dodge van. The trial court originally awarded plaintiff $3,500.00 for property damage, $363.00 for loss of use of the van, $2,000.00 for attorney's fees plus a penalty of 12% on the sum of $3,500.00 from the date of judicial demand.
*1224 Defendant, Allstate, filed a motion for new trial arguing that the law and evidence did not support an award of attorney's fees, penalties, and a recovery for loss of use. Defendant also argued that they were entitled to a credit for the $100.00 deductible called for in the insurance contract.
The trial court granted a new trial solely for the purpose of allowing defendant a $100.00 credit on the $3,500.00 awarded plaintiff for property damage. In addition, the trial court increased by $250.00 the award of attorney's fees to plaintiff's counsel for answering the motion for new trial and filing a memorandum in opposition to the motion.
Allstate Insurance Company appeals the trial court's judgment insofar as it awarded damages for loss of use of the van, penalties and attorney's fees. We reverse in part and affirm in part.
The issues presented are as follows:
(1) Whether damages for loss of use of the insured vehicle which was totally destroyed is a proper element of damages in this case.
(2) Whether the trial court was correct in finding that Allstate was arbitrary and capricious and thereby awarding penalties and attorney's fees.

FACTS
In 1971 plaintiff, Benny O'Brian purchased a used 1971 Dodge van for $2,300.00. Thereafter, plaintiff and his wife installed carpeting, kitchen equipment, revolving bucket seats, a stereo system and other improvements which converted the plain vehicle into a travel van complete with sleeping space, running water and other accessories.
On February 19, 1981, plaintiff's van, driven by his wife, was involved in an accident in the City of Natchitoches. The accident was reported to defendant, Allstate Insurance Company, who provided collision coverage on the van. Defendant's adjuster inspected the van on February 26, 1981, and concluded that the van was a total loss. The terms of the policy provided that in case of a total loss, Allstate would pay the insured the actual cash value of the vehicle.
Since the vehicle was over ten (10) years old it was not listed in national guide books that are used to determine the value of automobiles. Therefore, Allstate took photographs and a descriptive list of the van's accessories to various car dealers and individuals who were familiar with this type vehicle. Allstate determined that the actual cash value of the van was $2,500.00. Plaintiff refused to accept this figure as the actual cash value and informed Allstate that he felt that the van was worth $3,500.00.
On April 9, 1981, within sixty days of being notified of the loss, Allstate offered a check to plaintiff in the amount of $1,950.00. The letter accompanying the check explained that this amount represented the $2,500.00 actual cash value of the van less the $100.00 deductible and less a $450.00 salvage value bid which had been obtained by Allstate. Plaintiff refused this offer and this suit was instituted.

LOSS OF USE
At trial, plaintiff testified and introduced evidence tending to establish damages for loss of use of his van. Plaintiff based his loss upon added expenses he incurred and would incur on two out of state trips. The first trip was taken in June of 1981, some 3 ½ to 4 months after the accident. The second trip had yet to be taken at the time of trial in August, 1981. Plaintiff offered evidence to establish the cost difference in the two trips due to the loss of use of the van. Based upon these cost differences, the trial court awarded $363.00 in damages for loss of use of the van.
In cases where a wrecked vehicle is totally destroyed or its repair is not economically feasible, damages for loss of use are recoverable only for a reasonable time, that time period in which the owner becomes aware of the situation and secures a replacement therefor. Menard v. Prejean, 374 So.2d 1275 (La.App.3rd Cir.1979); Washington v. Lake City Beverage, Inc., *1225 352 So.2d 717 (La.App. 3rd Cir. 1977), writ denied 354 So.2d 1050 (La.1978); Barry v. United States Fidelity & Guaranty Co., 236 So.2d 229 (La.App.3rd Cir.1970).
In Menard v. Prejean, supra, the plaintiff knew immediately that his tractor was a total loss. This court determined that 30 days was a reasonable period of time for a replacement tractor to have been purchased. No damages for loss of use were allowed beyond this 30 day period.
In the present case, plaintiff became aware that his vehicle was a total loss one week after his accident. No evidence was introduced to establish damages for loss of use of the van during the seven day period it took to determine that the van was a total loss. Plaintiff based his claim for damages solely on losses he claimed to have sustained four months after the accident and upon speculative losses that had not yet been incurred.
We conclude that these losses claimed by plaintiff were not sustained within a reasonable period of time that it would take for a replacement van to be purchased. Although not specifying what would have been a reasonable time period in this case, we think it clear that to allow a four (4) month period would open the door for abuse in the future. We conclude that no award for loss of use of plaintiff's van should have been rendered.

PENALTIES AND ATTORNEY'S FEES
The second issue on appeal concerns the trial court's award of penalties and attorney's fees pursuant to LSA-R.S. 22:658 which reads as follows:
"All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees."
Defendant argues that a genuine dispute as to the actual cash value of the van existed and within sixty days of being notified of the loss, it made an unconditional tender of the undisputed amount due under the policy. Having made this offer, defendant argues that the trial court erred in finding that it was arbitrary and capricious. This finding resulted in the award of penalties and attorney's fees.
The law is clear that where there is a reasonable dispute as to amount of loss, the insurer can avoid imposition of penalties and attorney's fees by unconditionally tendering part of the claim which is undisputed. LeBlanc v. Underwriters At Lloyd's London, 402 So.2d 292 (La.App.3rd Cir. 1981); Nations v. Excess Insurance Company, 377 So.2d 433 (La.App.2nd Cir.1979); Riverland Oil Mill v. Underwriters for Lloyd's, 368 So.2d 156 (La.App.2nd Cir. 1979), writs denied 369 So.2d 1365 (La.1979).
The trial court viewed Allstate's actions or inactions as eliminating the possibility that a reasonable dispute existed. The trial court stated:
"In this case, defendant did not try to adjust or negotiate with plaintiff about the value of the vehicle. Defendant arrived at a value of the van without looking *1226 at it or discussing its value with plaintiff. Instead, defendant sent plaintiff a draft and in effect said take it or leave it. The court finds the defendant's attitude and conduct constitutes arbitrary action which subjects defendant to the penalty and reasonable attorney fees provided in R.S. 22:658."
The facts reveal that Allstate's adjuster contacted Dewey's Auto Sales and Perry Chrysler Dealer in Alexandria in an attempt to evaluate the cash value of the van. Pictures of the van and a descriptive list of the accessories included on the van were shown to these dealers. When the result of this initial evaluation was presented to plaintiff it was refused. Plaintiff felt his van was worth more money and demanded a sum $1,000.00 greater than Allstate's offer. At this point Allstate's adjuster asked plaintiff for the names of dealers who would value the van at $3,500.00. Plaintiff was unable to provide defendant with the name of any dealer who would appraise the van at $3,500.00 but he did give defendant's adjuster the names of two individuals. After checking with these individuals, Allstate found neither would substantiate an actual cash value of $3,500.00. At no time prior to the issuance of Allstate's draft representing the $2,500.00 offer did plaintiff provide defendant with the name of any appraiser who would appraise the value of the van at $3,500.00.
At trial, the expert witnesses relied on by plaintiff were not the same individuals that plaintiff had previously informed defendant of, but were two individuals who had first viewed the van in June of 1981.
The trial record also reveals that plaintiff's van, originally purchased for $2,300.00, had been driven over 100,000 miles during the past ten (10) years. The van's present engine had accounted for over 39,000 of these miles.
Based on the trial record, we conclude that a reasonable dispute as to the actual cash value of the van did exist. Since plaintiff's van was too old to be listed in the national guide books used in determining the value of automobiles, we feel defendant followed a reasonable procedure to ascertain the van's value. After plaintiff's refusal to accept defendant's offer, defendant investigated the possibility that others might appraise the van at the amount requested by plaintiff. Given these facts and given the fact that the ten (10) years old van had over 100,000 miles on it, we cannot conclude that Allstate acted arbitrarily in setting the value of the van at $2,500.00.
Even though we conclude that a reasonable dispute as to the actual cash value existed, we are not prepared to reverse the trial court's award of penalties and attorney's fees. One cannot rely on a dispute as to value to escape the penalties of LSA-R.S. 22:658 without having unconditionally tendered the portion of the value that is undisputed. LeBlanc v. Underwriters At Lloyd's London, supra.
Under the jurisprudence of this state, if the insurer conditions its offer to pay an undisputed amount on the insured's acceptance thereof in full settlement, the offer is not viewed as an unconditional tender for purposes of LSA-R.S. 22:658. Gagnard v. Travelers Ins. Co., 380 So.2d 191 (La.App. 3rd Cir.1980); Witherwax v. Zurich Insurance Company, 315 So.2d 420 (La. App.3rd Cir.1975); Spano v. Emmco Ins. Co., 239 So.2d 434 (La.App. 4th Cir.1970), writ refused 257 La. 168, 241 So.2d 530 (La.1970).[1]
Beside the words "In Payment Of", the draft sent to plaintiff on April 9, 1981, stated as follows:
"Total loss settlement on 1971 Dodge van."
The first paragraph of the letter accompanying the draft which explained the amount for which the draft was drawn read as follows:
"I regret that we have been unable to agree on this settlement. A market in these vehicles is made only by a limited *1227 number of dealers. My offer to settle is based on a local dealer quote and pretty much confirmed by other dealers."
There is no other evidence in the record to indicate whether the tender of the draft was unconditional. All that is present is the draft and the letter that accompanies it. Defendant states in his brief that, "If Mr. O'Brian had negotiated the draft, he would not have been restricted or impaired from maintaining this action." This court gives little weight to this self-serving statement unsupported by the record. Had plaintiff negotiated the draft, defendant could have as easily argued that a settlement had been reached and suit could not be maintained.
The intent of defendant appears to be that acceptance of the draft would act as a full settlement of plaintiff's claim. The draft designated payment as a "Total loss settlement?', (emphasis added). The letter states that this is "My offer to settle", (emphasis added). From the use of these terms we conclude that the draft was an offer for a full settlement and not an unconditional tender of an undisputed term. Since Allstate did not make an unconditional tender of the undisputed sum, it cannot avoid the payment of penalties and attorney's fees. LeBlanc v. Underwriters At Lloyd's London, supra; Deville v. Louisiana Farm Bur. Mut. Ins. Co., 378 So.2d 457 (La.App.3rd Cir.1979); Witherwax v. Zurich Insurance Company, supra. We affirm the trial court's award of penalties and attorney's fees.
For the above reasons, it is hereby ordered that the lower court's judgment be amended to exclude the award to plaintiff for loss of use of the van; in all other respects the judgment is affirmed. Costs of this appeal are assessed one-half to defendant-appellant and one-half to plaintiff-appellee.
AMENDED; AFFIRMED AS AMENDED.
NOTES
[1] See also Fruge v. Hub City Iron Works, Inc., 131 So.2d 593 (La.App.3rd Cir.1961), where the court held that where a sum is offered "as a settlement", it is not a good tender.