WILLIAMS, Judge.
This is an appeal from a decision by the trial court denying plaintiff, Henry B. De-joie, Sr., a preliminary injunction and dismissing a temporary restraining order previously granted against Vivian Roussell and The Louisiana Weekly Publishing Company [Louisiana Weekly].
Plaintiff filed suit against Roussell and Louisiana Weekly for specific performance of a contract to sell stock. Dejoie and his sister, defendant Roussell, entered into an agreement on March 7, 1980, in which Roussell agreed to sell plaintiff her 60 shares of stock in Louisiana Weekly, along with “twenty (20) odd Louisiana Weekly shares, from the estate.”[1] Defendant Roussell accepted a check as partial payment for the shares of stock, but later returned the check and indicated to plaintiff her desire not to proceed with the sale. Defendant testified at trial that from March of 1980, through November of 1982, plaintiff made various offers to her to purchase the stock which had been the subject of the previous agreement. In October of 1982, Roussell sold her stock to another brother, Constant C. Dejoie, Jr. The certificates of stock were endorsed over to Constant Dejoie.
On November 19, 1982, Henry Dejoie filed a petition for specific performance of the March, 1980 agreement and received a temporary restraining order prohibiting Roussell from transfer of the stock in question. Attorneys for Constant Dejoie indicated that he had informed Henry Dejoie of the sale of stock on November 17. Henry Dejoie denies that he knew of the sale of the stock prior to his filing suit.
Plaintiff was granted a temporary injunction. On the trial for the preliminary injunction, however, the trial judge ruled in favor of defendant. A preliminary injunction is granted when a plaintiff makes a prima facie showing that he is entitled to relief and that he will suffer irreparable injury if the preliminary injunction is not granted. La.Code Civ.Pr. art. 3601, et seq. The issue in the instant case is whether plaintiff has made a prima facie showing that he will prevail upon the merits. See Schwegmann Bros. Giant Supermarkets v. Louisiana Milk Commission, 290 So.2d 312 (La.1974).
On appeal, plaintiff has raised several issues relative to the Uniform Stock Transfer Act and the issue of whether Constant C. Dejoie is a holder in due course of the stock. Because we find that the contract between plaintiff and Roussell to sell the stock cannot be enforced, we need not address those issues on appeal.
For over two years Henry Dejoie did not demand specific performance for the sale of the stock. His actions in accepting the return of the check, as well as making repeated new offers to purchase the stock, indicated his acquiescence in the *106 recision of the contract. A contract may be modified, abrogated, nullified, or revoked by mutual consent of the parties. Watson v. Haik, 393 So.2d 173 (La.App. 1st Cir.1980), citing Arceneaux v. Adams, 366 So.2d 1025 (La.App. 1st Cir.1978). It was reasonable for the trial court to find that plaintiffs actions indicated that the original contract had been nullified, and that Roussell was free to sell the stock to someone else.
Because plaintiff has failed to prove that there was a likelihood that he would prevail on the merits, the trial court properly denied the preliminary injunction.
While on appeal to this court, a third-party motion to appeal and intervene was filed on behalf of Louise Wilcox. The petition of intervention alleges that Louisiana Weekly’s Articles of Incorporation require that the Corporation shall have a right of first redemption of stock, i.e., that a holder of stock who wishes to sell his or her shares in the Corporation must first offer the stock to the Corporation. The petition alleges that this was not done. Furthermore, the Articles of Incorporation require that once the offer to the Corporation expires after 30 days, the stock must be offered to other shareholders according to the Charter. The petition of intervention does not state what status Ms. Wilcox has other than to allege in one paragraph that when the stock was not purchased by the Corporation then all shareholders including Ms. Wilcox had a right to purchase the stock.
Article 2086 of the Louisiana Code of Civil Procedure states that “[a]ny person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.” See Brock v. Tidewater Constr. Co., 318 So.2d 100 (La.App. 3d Cir.1975). There is no evidence, however, in the record on which we could grant Ms. Wilcox relief. In Haas v. Haas, 181 La. 265, 159 So. 384 (1935), the Louisiana Supreme Court held that a third person appellant must take the record as it is lodged in the appellate court. Ms. Wilcox, therefore, cannot introduce any new evidence to support her allegations. La.C. Civ.Pr. art. 2086 (Official Rev. Comment (C)). Although Wilcox arguably has a right of appeal, she is not entitled to relief under the facts presented by the record in this case.
For the foregoing reasons, the decision of the trial court is AFFIRMED, all costs to be borne by appellant.
AFFIRMED.

. This “twenty (20) odd” shares apparently refers to shares of stock in the estate of the parties' mother. At trial, Dejoie admitted that he knew at the time that this contract was confect-ed that Roussell was not going to inherit any of the stock.