451 So.2d 29 (1984)
ED BULLIARD CO., INC., Plaintiff-Appellee,
v.
FORETICH-ZIMMER CONSTRUCTION CO., INC., Defendant-Appellant.
No. 83-546.
Court of Appeal of Louisiana, Third Circuit.
April 24, 1984.
Rehearing Denied May 16, 1984.
Writ Denied September 14, 1984.
*30 Aycock, Horne, Caldwell, Coelan & Duncan, David H. Stiel, III, Franklin, for defendant-appellant.
McBride & Foret, Robert R. McBride, Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOUCET, Judge.
Plaintiff, Ed Bulliard Co., Inc., brought suit on a construction contract dated December 18, 1980, against Foretich-Zimmer Construction Co., seeking $22,789.00 plus interest and costs. Defendant answered the petition alleging the contract was mutually rescinded on April 29, 1981 by oral agreement between the parties. The trial court rendered judgment in favor of plaintiff in the sum of $9,000.00. Defendant appeals. We affirm.
Defendant had been awarded the general contract for the renovation and expansion of the New Iberia central office of South Central Bell Telephone Co. Subsequently, defendant obtained several sub-contractors. The contract between the parties provided, inter-alia, that the sub-contractor would have the option, upon three days written notice, to take over such work and complete same at the cost of the sub-contractor and its bondsman.
Contemporaneously with execution of the contract there was an agreement between plaintiff and defendant whereby the former would provide the latter with supplies which did not require labor. A disagreement later arose as to what windows were to be provided by the plaintiff in accordance with the plans and specifications drawn up by the architect. The trial court noted that the windows which were to be provided were not in accordance with the architect's specifications, and negotiations to remedy the misunderstanding followed as a result thereof. Mr. Foretich and Mr. Bulliard, respective principals in each company, met one day at a Lafayette restaurant and it is there that defendant contends an agreement was reached whereby Mr. Foretich's company would do the flooring work and supply the windows and, in turn, Mr. Bulliard would not have to supply the windows at a higher price than anticipated.
The trial judge found Mr. Bulliard's company performed no work under the contract due to defendant's breach thereof. Plaintiff claims he was damaged in the sum of $9,000.00the amount of profits lost by the defendant's failure to perform. Judgment was rendered accordingly as the trial judge found that there had been no valid rescission of the contract. In reaching this result, the trial court relied on various correspondence between the parties indicating that it was the parties' plan to proceed with their plans as set forth in the contract.
*31 Defendant appeals, alleging the trial court erred in (1) not finding the parties mutually agreed to cancellation of the contract, and (2) alternatively, the trial court erred in finding the defendant failed to give proper notice of cancellation, and (3) the award of $9,000.00 is excessive and not supported by the evidence.
A written contract may be modified or nullified by mutual consent of the parties. LSA Civ.Code Arts. 1901, 1945; Watson v. Haik, 393 So.2d 173 (La.App. 1st Cir.1980); Arceneaux v. Adams, 366 So.2d 1025 (La.App. 1st Cir.1978). Here, the burden of proving the mutual rescission of the contract was on the defendant. The trial judge found both that there had been no intent to rescind the contract and, regardless, defendant had failed to give three days written notice of cancellation as required by the parties' original agreement. We have carefully scrutinized the record and conclude it contains no grounds for disturbing the trial court's factual finding in this regard. Mr. Bulliard testified that the only topic of discussion at the aforesaid restaurant meeting concerned the windows. This is substantiated by evidence showing Mr. Bulliard subsequently ordered windows meeting the architect's specifications. Correspondence between the parties further supports this conclusion. We find no manifest error.
Where there is a legal right to recovery but damages cannot be exactly estimated, courts have reasonable discretion to assess same based upon all the facts and circumstances of the case. Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971) and cases cited therein.
A claim for loss of earnings need not be proved with mathematical certainty, but only by such proof as reasonably establishes the claim, and such proof may even consist of only the plaintiff's own reasonable testimony. Jordan v. Travelers Insurance Co., supra; Casadaban v. Bel Chemical & Supply Co., Inc., 322 So.2d 854 (La.App. 1st Cir.1975). The absence of independent corroborative evidence of loss of profits is not always fatal to such a claim, rather the absence goes to the weight of evidence. Campbell v. Lelong Trust, 327 So.2d 533 (La.App. 2d Cir.1976), Recherche, Inc. v. Jewelry Jungle, Inc., 377 So.2d 1329 (La.App. 1st Cir.1979). F & F Transfer, Inc. v. Tardo, 425 So.2d 874 (La.App. 4th Cir.1983). Casadaban v. Bel Chemical & Supply Co., Inc., supra. Independent proof of every detail of witness' testimony is not required to corroborate testimony of witness as to existence of oral contract involving more than $500.00. Ville Platte Concrete Service, Inc. V. Western Casualty & Surety Co., 377 So.2d 532 (La.App. 3rd Cir.1979). A party's own detailed testimony as to proof of loss may be sufficient to support an award. Stevens v. Dowden, 125 So.2d 234 (La.App. 3rd Cir. 1960).
It is axiomatic that appellate courts will not disturb damage awards in the absence of manifest abuse of discretion by the trier of fact. Recherche, Inc. v. Jewelry Jungle, Inc., supra; Coco v. Winston Industries, Inc. 341 So.2d 332 (La. 1977); Reck v. Stevens, 373 So.2d 498 (La. 1979). Defendant failed to present any evidence to contradict plaintiff's estimate of lost profits. The trial judge obviously found plaintiff's testimony in this respect to be credible. He was not required to detail every item of loss with independent proof. We cannot say the trial judge was clearly wrong in his award of $9,000.00.
For the reasons assigned hereinabove, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.
STOKER, J., dissents and assigns reasons.
STOKER, Judge, dissenting.
With respect I dissent from the majority holding in this case. I do not feel that the plaintiff met its burden of proof with respect to the amount of its damages, that is, its loss of profits. The testimony of Edmond Bulliard (Tr. 126-131) on this point was vague and uninformative. It did not *32 meet the liberal standard of Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971) concerning estimating losses. As a matter of fact, in the Jordan case the Supreme Court pronouncement concerned a wage earner and the loss of earnings between the plaintiff's accident and trial and future loss of earnings. Earning power was at issue, not loss of profits.
The trial court in this case did not deal with the subject of the amount of damages in its reasons for judgment; the trial court simply accepted the figure of $9,000 testified to by Mr. Bulliard.
It is well settled that the amount of damages sustained by a contractor or subcontractor who is not allowed to perform his contract is his loss of profit determined by subtracting from the amount of his bid or contract price the amount of labor, materials and overhead which would have been necessary to perform the contract. Magnolia Construction Co., Inc. v. Causey, 421 So.2d 990 (La.App.1982), writ denied 426 So.2d 177 (La.1983) and White v. Rimmer and Garrett, Inc., 340 So.2d 283 (La. 1976). On cross-examination Mr. Bulliard frankly admitted that he had no idea what his labor costs or materials would be. (Tr. 147-151)
As shown in Magnolia Construction Co., Inc. v. Causey, supra, one method of establishing such costs is by referring to the costs actually incurred by the contractor or subcontractor who performed the work. In any event, if plaintiff had produced any testimony or evidence to show reasonably based estimates of costs of labor, materials and other costs, the estimates could be accepted. As I read the record, plaintiff gave no estimates; all he gave was a general over-all cost estimate to which he added cushions. In his testimony on direct examination Mr. Bulliard appears to be referring to some notes or memoranda; however, he never testified in intelligible or meaningful terms. Nevertheless, as noted above, Mr. Bulliard admitted that there was no way he could know what the labor and material costs would have been. Under these circumstances, I think it is error to apply the standard of Jordan v. Travelers Ins. Co.