458 So.2d 657 (1984)
Silton FUSELIER, Plaintiff-Appellee,
v.
LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY, Defendant-Appellant.
No. 83-1002.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
Richard Vidrine, Ville Platte, for defendant-appellant.
Errol D. Deshotels, Oberlin, for plaintiff-appellee.
Before DOMENGEAUX, CUTRER and LABORDE, JJ.
CUTRER, Judge.
This case involves a dispute over the amount an insurer owes on a homeowner's *658 policy as a result of water damages sustained to the insured's house.
On January 12, 1982, the town of Oberlin was hit by a hard freeze and electric power failure. As a result, the water pipes in Silton Fuselier's attic burst, causing water to pour down through the walls and ceilings in several of the rooms. The insurer, Louisiana Farm Bureau Mutual Insurance Company (Farm Bureau), hired Al Hebert out of Lafayette, Louisiana, to estimate the damage to plaintiff's house. Hebert appraised the dollar value of the loss at $5,799.13 on January 26, 1982. Plaintiff, being dissatisfied with this estimate, called a contractor, Simon Sonnier, for an estimate. Sonnier examined the house and appraised the damages at $16,707.96. Farm Bureau subsequently sent plaintiff a check dated February 16, 1982, as an offer to settle his entire claim for $5,549.13. Plaintiff refused to cash the check and filed suit to collect the full amount of his damages and the penalties.
The trial judge accepted the testimony of plaintiff's expert witness and awarded plaintiff $16,551.96, which represented the difference between the actual amount of his loss ($16,707.96) and the amount of the policy's deductible ($250.00). The trial judge also held that the defendant's failure to unconditionally pay the undisputed amount owed within sixty days of proof of the loss was arbitrary and capricious, thus entitling plaintiff to the penalties and attorney's fees provided for in LSA-R.S. 22:658. Farm Bureau appeals. We affirm.
Farm Bureau alleges three specifications of error which, in effect, raise two issues. First, whether the trial judge abused his discretion in awarding damages in the amount of $16,557.96. Second, did the trial judge commit manifest error in awarding plaintiff a 12% penalty and attorney's fees pursuant to LSA-R.S. 22:658?

AMOUNT OF DAMAGES
The trial judge was confronted with two widely disparate estimates of damage. The two experts disagreed as to which parts of the house were in need of repair and, also, the cost of several repairs that both agreed were necessary. The plaintiff's expert, Sonnier, estimated that plaintiff's damages were $16,707.96 while the defendant's expert, Hebert, estimated the damages were only $5,799.13. After hearing both experts explain their estimates, the trial judge accepted the estimate of Sonnier and awarded plaintiff $16,557.96 in damages.
The amount of damages is an issue of fact which is within the trial judge's discretion. Perrodin v. Zander, 441 So.2d 12 (La.App. 3rd Cir.1983), writs den., 444 So.2d 120 (La.1984). As this court recently stated in Ed Bulliard Co. v. Foretich-Zimmer Const., 451 So.2d 29 (La.App. 3rd Cir. 1984):
"It is axiomatic that appellate courts will not disturb damage awards in the absence of manifest abuse of discretion by the trier of fact. Recherche, Inc. v. Jewelry Jungle, Inc., supra [377 So.2d 1329 (La.App. 1st Cir.1979)]; Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977); Reck v. Stevens, 373 So.2d 498 (La.1979)...."
After reviewing the record, we cannot say the trial judge abused his discretion in accepting Sonnier's estimate of the damages. Sonnier is an independent contractor who has built and repaired houses in Oberlin for 34 years. He has first-hand knowledge of the cost of materials and labor involved in repairing houses in the area. On the other hand, the defendant's expert is a construction supervisor and an independent appraiser in Lafayette with limited recent experience in the repair of houses. As the trial judge noted, Hebert's estimate was not as thorough as plaintiff's expert. He did not check the attic, the inside walls, nor did he check with local suppliers and contractors to compare his Lafayette-based estimates with the cost of labor and materials in Oberlin.
Defendant attacks Sonnier's estimate on the fact that Sonnier was unable at trial to recall the amount of time he allotted for each repair and the costs of the necessary materials at the time of the estimate. For *659 example, Sonnier could not remember the size of the kitchen, yet he estimated the cost of removing and replacing the kitchen molding on a foot basis. Sonnier's inability to remember the specific components of the estimate that he prepared nine months prior to trial is of little consequence. He testified that, when he made the estimates, he considered the cost of labor, the amount of time it takes to complete the repairs, the cost of the necessary materials, and the amount of profit a contractor would charge. Thus, Sonnier clearly demonstrated that he was well qualified to estimate the cost of repairing plaintiff's house. The trial judge's acceptance of Sonnier's estimate was well within the discretion accorded to a trial judge on the issue of damages.

PENALTIES AND ATTORNEY'S FEES
The second issue in this case is the trial judge's decision to award the 12% penalties and attorney's fees provided by LSA-R.S. 22:658. The applicable portion of the statute provides that insurers who arbitrarily, capriciously, or without probable cause fail to pay any claim within sixty days of proof of loss are liable for the amount of the loss as well as a penalty of 12% of "the total amount of the loss" and all reasonable attorney's fees. If the insurer has made a "partial payment or tender," the penalty is 12% of the difference between the amount tendered and the amount actually owed. LSA-R.S. 22:658. On February 9, 1982, the defendant mailed plaintiff a check for $5,549.13 in full settlement of all claims. The defendant stopped payment on this check because the mortgagee of plaintiff's house was not named as payee. Then, defendant mailed plaintiff a second draft sometime around February 16, 1982, for the same amount which represents the amount of their expert's appraisal minus the policy's $250.00 deductible. Plaintiff refused to cash these checks because he believed that $5,549.13 was not enough to repair his house. Sonnier estimated the damages at $16,707.96. This appraisal was sent to Farm Bureau; however, the company did nothing further to reconcile the differences in estimates other than mailing the $5,549.13 check. Farm Bureau argues that the mailing of this check within sixty days of proof of damage exonerates the company from penalties and attorney's fees. We disagree.
An insurer can avoid paying penalties and attorney's fees by unconditionally tendering the undisputed amount of the claim in cases where there is a reasonable disagreement over the total amount owed. However, the offer of payment in exchange for a complete release of the insured's claim is not a tender within the contemplation of the statute. O'Brian v. Allstate Ins. Co., 420 So.2d 1222 (La.App. 3rd Cir. 1982); LeBlanc v. Underwriters at Lloyd's, London, 402 So.2d 292 (La.App. 3rd Cir.1981); Deville v. Louisiana Farm Bur. Mut. Ins. Co., 378 So.2d 457 (La.App. 3rd Cir.1979); Witherwax v. Zurich Insurance Co., 315 So.2d 420 (La.App. 3rd Cir. 1975). Farm Bureau's insurance adjuster, Floyd Tassin, admits that the checks sent to plaintiff were conditional upon his granting a full release of all claims. Thus, the mailing of the checks does not free Farm Bureau from liability for the penalties and attorney's fees. The trial court correctly awarded penalties and attorney's fees.
For these reasons, the judgment of the trial court is affirmed. Defendant-appellant is to pay the costs of this appeal.
AFFIRMED.