532 So.2d 286 (1988)
John W. PETRY, et ux., Plaintiffs-Appellants,
v.
Ronald Wayne RICHARD, et al., Defendants-Appellees.
No. 87-707.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1988.
Writ Denied December 2, 1988.
*287 Kenneth O. Privat, Crowley, for plaintiffs-appellants.
Cooper, Ortego & Woodruff, Calvin E. Woodruff, Jr., Abbeville, Edwards, Stefanski, Barousse, Cunningham, Stefanski & Zaunbrecher, E. Byrne Edwards, Crowley, for defendants-appellees.
Before GUIDRY, FORET and STOKER, JJ.
GUIDRY, Judge.
John W. Petry and his wife, Electi Petry, filed this suit for damages allegedly resulting from an automobile accident which occurred on March 11, 1985 in Acadia Parish.[1] The Petry automobile, occupied by Electi Petry and driven by John W. Petry, was struck broadside by a pickup truck driven by Ronald W. Richard, when the latter ran a stop sign. Plaintiffs filed this suit against Richard, his insurer, State Farm Mutual Automobile Insurance Company (hereafter State Farm), and Government Employees Insurance Company (hereafter GEICO), plaintiffs' uninsured motorist carrier.[2]
At the end of trial, the court took the matter under advisement, however, the record was left open for introduction of the State Farm Policy. Prior to a decision in the matter, defendants filed a motion to reopen the record in order to introduce in evidence three letters, two from State Farm's claims representatives and one from State Farm's counsel, to plaintiffs' counsel offering plaintiffs the limits of the State Farm policy in exchange for a complete release of State Farm and the insured, Ronald Richard. The trial court initially refused to reopen the record but, upon reconsideration, accepted the three letters above mentioned in evidence.
In written reasons for judgment the trial court found that the accident was caused solely by the negligence of Richard. In accordance with this finding, the trial court rendered judgment in favor of plaintiffs and against defendants, in solido, as follows:
(a) general damages in the amount of $75,000.00 and medical expenses in the amount of $16,931.47 to Electi Petry;
(b) general damages in the amount of $50,000.00 and medical expenses in the amount of $9,000.00 to John W. Petry;
(c) interest from date of judicial demand until paid; but,
(d) all subject to State Farm's policy limits of $20,000.00 and its obligation to pay interest from date of judicial demand only on the amount of such policy limits.
In reaching the conclusion that State Farm's obligation for judicial interest was limited to the amount of its policy limits, the learned trial judge stated:
"A primary issue at the trial was whether the Insurance Company was liable for interest on the total amount awarded or only interest to the extent of its policy limits. As to interest, the insurance policy between the parties states:
`In addition to the limits of liability, we will pay for an insured any costs listed below resulting from such accident....
... 2) Interest on all damages owed by insured as the result of a judgment until we pay, offer or deposit in court the amount due under this coverage....'
There is no evidence of any unconditional tender or payment of funds by State *288 Farm or any other party, to the plaintiffs at any time. However, State Farm did offer to settle the claim for its policy limits (D-1 through D-3) and thus, under the policy terms, it is liable for interest only on the amount of its policy limits."
Plaintiffs have appealed urging trial court error in the following particulars:
1. The trial court erred when it allowed the introduction in evidence of written offers to compromise after the close of evidence.
2. The trial court erred when it failed to award interest on the entire amount of the judgment from date of judicial demand.
We will first consider assignment of error number two and, for purposes of dealing with this issue, we assume that the written offers to compromise were properly admitted in evidence.
The State Farm automobile insurance policy contains a supplemental payments provision which reads, in pertinent part, as follows:
"... In addition to the limits of liability, we will pay for an insured any costs listed below resulting from such accident.
* * * * * *
2. Interest on all damages owed by an insured as the result of a judgment until we pay, offer or deposit in court the amount due under this coverage...."
Appellants contend that the trial court erred in determining that judicial interest was due only upon State Farm's policy limits. Defendants argue that its three written offers to compromise, the first of which preceded the filing of plaintiffs' suit, constitute an "offer" within the intendment of the aforementioned clause and thus judicial interest is due only on State Farm's policy limits.
It has long been the recognized public policy of this state that a policy of liability insurance is issued for the protection of the general public as well as for the security of the insured. Hughes v. Southeastern Fidelity Insurance Co., 340 So.2d 293 (La. 1976); West v. Monroe Bakery, 217 La. 189, 46 So.2d 122 (1950).
We observe that similar supplemental payments clauses have been interpreted as requiring the insurer to pay interest upon the entire amount of the judgment, not just the policy limits, until the insurer has paid, tendered, or deposited the policy limits into the registry of the court. Terro v. State Farm Mutual Automobile Ins. Co., 169 So.2d 417 (La.App. 3rd Cir.1964), and Doty v. Central Mutual Insurance Company, 186 So.2d 328 (La.App. 3rd Cir.1966), writ denied, 249 La. 486, 187 So.2d 451 (La. 1966).
State Farm's initial offer to pay its policy limits was by letter dated March 25, 1985 addressed to plaintiffs' counsel and reads in pertinent part as follows:
"As per our conversation and my visit with you on March 22, 1985, State Farm has offered to pay our policy limits of $10,000.00 each to Mr. and Mrs. Petry for their injuries caused by the accident of March 11, 1985.... Please note that in order for us to tender our policy limits, we must secure a release which would release our insured as well as ourselves." (Emphasis ours)
State Farm's written offers which followed on October 11, 1985 and March 7, 1986 were like the first, conditioned upon a complete release of State Farm and its insured.
The issue then becomes whether State Farm "paid, offered or deposited" in court the amount due under the policy limits. The record reflects defendants did not pay nor deposit the amount due under the policy limits in court. Consequently, the only remaining issue is whether State Farm made an "offer" within the meaning of the aforementioned supplemental payments provision.
"Contracts must be construed in such a way as to lead to logical conclusions and to give effect to the obvious intention of the parties. St. Ann v. American Insurance Companies, 182 So.2d 710 (La.App. 4th Cir.1966). They must be interpreted in a common-sense fashion, according to the words of the contract their common and usual significance. *289 LSA-C.C. Art. 1946. A cardinal rule in the construction of contracts is that the contract must be viewed as a whole and, if possible, practical effect given to all its parts, according to each the sense that results from the entire agreement so as to avoid neutralizing or ignoring any of them or treating them as surplusage. LSA-C.C. Art. 1955; Polozola v. Garlock, Inc., 343 So.2d 1000 (La.1977); Reuter v. Reuter's Succession, 206 La. 474, 19 So.2d 209 (1944); Solomon v. Hickman, 219 So.2d 330 (La. App. 1st Cir.1969); Crow v. Southern Natural Gas Company, 210 So.2d 596 (La.App.2d Cir.1968), writ refused, 252 La. 834, 214 So.2d 160 (1968). Some effect is to be given to every word or clause if possible for a court may not impute to the parties the use of language without meaning or effect. American Mfg. Corp. v. National Union Fire Ins. Co., 203 La. 515, 14 So.2d 430 (1942); Gautreaux v. Harang, 190 La. 1060, 183 So. 349 (1938); Solomon v. Hickman, supra; Bruno v. McCabe, 71 So.2d 245 (Orl.App.1954).
When there is a doubt as to the true sense of the words of a contract, they may be explained by referring to other words or phrases used in the same contract. LSA-C.C. Art. 1948. Terms that present two meanings must be taken in the sense most congruous to the matter of the contract. LSA-C.C. Art. 1952."
Lambert v. Maryland Casualty Company, 418 So.2d 553 (La.1982).
We conclude that State Farm's offer in the instant case did not serve to exonerate it from the payment of interest on behalf of its insured under the supplemental payments provision of the policy. In our view, the "offer" contemplated by the supplemental payments provision of the State Farm policy is an "unconditional" offer to pay the amount due under the policy's coverage. To decide otherwise would lead to an unintended and absurd result, i.e., that an insurer's offer to pay its coverage, no matter how conditioned, would serve to exonerate the insurer from the payment of interest on behalf of its insured.[3]
In connection with a penalty and attorney's fees issue, pursuant to La.R.S. 22:658, in Fuselier v. Louisiana Farm Bureau Mutual Ins. Co., 458 So.2d 657 (La. App. 3rd Cir.1984), we stated:
"An insurer can avoid paying penalties and attorney's fees by unconditionally tendering the undisputed amount of the claim in cases where there is a reasonable disagreement over the total amount owed. However, the offer of payment in exchange for a complete release of the insured's claim is not a tender within the contemplation of the statute. O'Brian v. Allstate Ins. Co., 420 So.2d 1222 (La. App. 3rd Cir.1982); LeBlanc v. Underwriters at Lloyd's, London, 402 So.2d 292 (La.App. 3rd Cir.1981); Deville v. Louisiana Farm Bur. Mut. Ins. Co., 378 So.2d 457 (La.App. 3rd Cir.1979); Witherwax v. Zurich Insurance Co., 315 So. 2d 420 (La.App. 3rd Cir.1975)...."
Although Fuselier, supra, is not directly in point, we find its rationale persuasive and supportive of our ultimate conclusion that the "offer" contemplated by the supplemental payments provision of the State Farm policy is an "unconditional offer". Our conclusion in this regard renders appellants' alternate assignment of error moot.
For these reasons, we amend the judgment of the trial court so as to award judgment in favor of plaintiffs and against Ronald Wayne Richard and State Farm Mutual Automobile Insurance Company, insolido, for judicial interest on the total award made to plaintiffs from date of judicial demand until paid. In all other respects, the judgment of the trial court is affirmed. State Farm is cast with all costs of this appeal.
AFFIRMED AS AMENDED.
NOTES
[1] Electi Petry is alternately referred to in the transcript as Electa Petry.
[2] Plaintiffs subsequently filed a motion to dismiss their claims against GEICO which was granted.
[3] The judgment ultimately rendered in this matter, from which defendants have not appealed, confirms that plaintiffs were clearly justified in refusing to accept State Farm's conditional offer.