Dear Mr. Burson:
You have requested the opinion of this office regarding the September 25, 1986 Amended Trust Indenture of the Opelousas General Hospital Authority, an amendment and restatement of the original Trust Indenture which created the Authority, a "public trust" under the provisions of the Public Trust Act, LSA-R.S.9:2341, et seq.
The Public Trust Act, specifically R.S. 9:2342(B) provides that, "No public trust in which the State of Louisiana, any state agency, any parish or municipality, or any other political or governmental unit in the state is the beneficiary may be amended without a two-thirds vote of approval of the trustees of such trust. Provided further, that any such amendment shall be subject to approval as provided in subsection (A) of Section 2341 of this Chapter." R.S. 9:2341(A) provides, in pertinent part, that amendments to public trusts require the "express approval of a majority of the membership of the governing authority of the beneficiary and the State Bond Commission or its successor if a parish or municipality or a political or governmental subdivision thereof is the beneficiary . . ."
The 1986 Amended Trust Indenture was signed by all of the trustees of the Opelousas General Hospital Authority, evidencing the favorable vote of at least two-thirds of the trustees. Assuming the "express approval" (i.e.: written approval) of a majority of the Commissioners of the Hospital Service District #2 and the State Bond Commission were obtained, the 1986 Amended Trust Indenture is in compliance with the Public Trust Act. The question remains as to whether the Amended Trust Indenture complies with the terms of the Original Trust Indenture.
Article VIII, paragraph (1) of the original Trust Indenture states:
 "Trustor now declares that this Trust Indenture shall be irrevocable from the moment it is signed by it and delivered to the Trustees, and that it shall thereafter stand without any power whatsoever at any time to alter, amend, revise, modify, revoke or terminate any of the provisions of this Trust Indenture."
The quoted Indenture language is unclear and susceptible to any number of interpretations. However, even if the clause is interpreted as a prohibition of amendments, it can be given no effect. The Public Trust Act, at R.S. 9:2342(A), provides that upon acceptance of the beneficial interest bestowed upon the beneficiary by the settlor, there is constituted "a binding contract" between the beneficiary and the settlor of the public trust. It is settled law that, barring prohibitions on moral or public policy grounds, agreements and contracts may be modified or abrogated by the parties. Lapeze v. Amoco Production Company, 655 F. Supp. 1 (M.D. LA 1987); Vincent v. Bullock,187 So. 35 (La. 1939); Caple v. Green, 545 So.2d 1222 (LA App. 2 Cir. 1989); Dejoie v. Roussell, 447 So.2d 104 (LA App. 4 Cir. 1984).
The copy of the Amended Trust Indenture attached to your request is in authentic form and was executed by the original Settlor and all of the Trustees of the Trust.
It is the opinion of this office that the 1986 Amended Trust Indenture complies with the provisions of the Public Trust Act, and barring public policy grounds, it would be upheld by a court of law as proper and legal.
You also requested our opinion regarding the legality of actions taken by the Commissioners of Hospital Service District #2 in July of 1991 when two of the Commissioners knew their terms were about to expire. In July of 1991, the Commissioners acted to increase the number of Trustees from five to nine and appointed new trustees to the four newly created trustee positions. At the same time new terms of office were instituted for the existing trustees, effectively increasing their terms of office as trustees beyond the previously set expiration dates.
The 1991 amendment to the Trust Indenture was signed by all of the Trustees of the Opelousas General Hospital Authority and you attached to your request a resolution of Hospital Service District #2 stating the Commissioners unanimously approved of the changes embodied in the July, 1991 amendment. Assuming the "express approval" of the State Bond Commission was also obtained, the provisions of the Public Trust Act have been complied with.
The July, 1991 amendment was also in compliance with the terms of the Amended Trust Indenture which provides only that amendments should be in compliance with R.S. 9:2342(B), and further provides that future amendments would not require the concurrence of the Settlor (Article VI of the Amended Trust Indenture).
We feel we must point out that R.S. 42:3, prohibits state, district, parochial and municipal boards from electing officers or employees for terms of office which exceed that of the board appointing them.
It is our opinion that R.S. 42:3 does not apply to the Commissioners of Hospital Service District #2, because by statute (R.S. 46:1053) the Commissioners serve staggered terms. R.S. 42:3 refers to "the term of office of the membership of board electing them", and contemplates only boards whose members serve concurrently with each other.
Trusting this opinion adequately answers your question, I am,
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
JMZ:jv 0087n