Dear Mr. Cannon:
You have submitted the following legal inquiry to this office:
 What is the term of office of the members of the Madison Parish Hospital Service District Commission who are appointed after the initial members of the Madison Parish Hospital Service District Commission?
R.S. 46:1053 pertinently provides:
 § 1053 Commission; qualification of members; appointment; vacancies; compensation; removal of commissioners; certain powers
 A. Any hospital service district formed or created under the provision of this Chapter shall be governed by a board of five commissioners, hereafter referred to as commission, who shall be qualified voters and residents of the district. The commission shall be appointed by the police jury of the parish. Two of the first commissioners so appointed shall serve for two years, two for four years and one for six years.
 * * * * *
 C. (1)(a) At the expiration of their respective terms of office, the successors to such appointees shall be appointed within thirty days for six-year terms. The police juries shall fill vacancies in the same manner as the predecessor appointees were selected.
Based on the foregoing statutory authority, we conclude that the term of the members of the Madison Parish Hospital Service District Commission, other than the initial members, is six years.
Enclosed are Attorney General Opinions 92-13 and 87-407 which may prove of interest to you.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ KERRY L. KILPATRICK Assistant Attorney General
KLK:ams
OPINION NUMBER 87-407
June 5, 1987
90 — POLICE JURIES — POWERS AND FUNCTIONS
RE: The Morehouse Police Jury is not legally authorized to appoint members to the Morehouse Parish Hospital Service District for successive terms, but for only one term at a time.
R.S. 46:1053(C)
Mr. Roy Gregory Chairman Board of Commissioners Morehouse Parish Hospital Service District P.O. Box 1060 Bastrop, Louisiana 71221-1060
Dear Mr. Gregory:
You have requested an opinion pertaining to the appointment of members to the Morehouse Parish Hospital Service District. You have stated the following. A member of the Hospital District died with six months left on his unexpired term. By motion, the Morehouse Parish Police Jury appointed a commissioner to serve the six remaining months of the expired term. They also appointed the member to a new six year term in the same motion. In essence, the police jury appointed the new member for a six year term at the same time that it appointed the member to serve the six months of the unexpired term. Specifically, you have asked whether or not the Policy Jury could make the appointment for the six year term at the time it filled the vacancy for the unexpired six month term.
Revised Statute 46:1053(C) pertains to the terms of office for Service District members. Said Statute provides, in pertinent part, as follows:
"At the expiration of their respective terms of office, the successors to such apointees shall be appointed within 30 days for six year terms. The police jury shall fill vacancies in the same manner as predecessor appointees were selected. . . ."
The above statute clearly requires that the terms of office for incumbent members be filled at the expiration of their terms. Police juries are mandated to fill the vacancies in the same manner as the predecessor was appointed. Just as the members were initially appointed for one term at a time, appointees to term. At the expiration of that term, if a police jury sees fit, it may thereafter appoint that same appointee for another full term.
Thus, it is our opinion that the Morehouse Police Jury is not legally authorized to appoint members to the Morehouse Parish Hospital Service District for successive terms, but for only one term at a time.
It is hoped that we have adequately answered you question, if we may be of assistance in the future, please do not hesitate to contact us.
Sincerely,
 William J. Guste, Jr. Attorney General
 Oliver W. Williams Assistant Attorney General
OPINION NUMBER 92-13
RELEASED APRIL 1, 1992
8-A — BOND ISSUES — Political Subdivisions 52 — COUNTY BOARDS AND COMMISSIONERS R.S. 9:2341; R.S. 2342; R.S. 42:3
Requirements for amendment of the Trust Indentures of a Public Trust.
Discussion of appointment of Trustees of Public Trusts by the governing body of the beneficiary thereof.
LA R.S. 42:3 does not apply to appointments made by Hospital Service districts, as 42:3 does not apply to boards whose members serve staggered terms.
Mr. I. Jackson Burson, Jr. Special Assistant District Attorney St. Landry Parish P.O. Box 985 Eunice, LA 70535
Dear Mr. Burson:
You have requested the opinion of this office regarding the September 25, 1986 Amended Trust Indenture of the Opelousas General Hospital Authority, an amendment and restatement of the original Trust Indenture which created the Authority, a "public trust" under the provisions of the Public Trust Act, LSA-R.S.9:2341, et seq.
The Public Trust Act, specifically R.S. 9:2342(B) provides that, "No public trust in which the State of Louisiana, any state agency, any parish or municipality, or any other political or governmental unit in the state is the beneficiary may be amended without a two-thirds vote of approval of the trustees of such trust. Provided further, that any such amendment shall be subject to approval as provided in subsection (A) of Section 2341 of this Chapter." R.S. 9:2341(A) provides, in pertinent part, that amendments to public trusts require the "express approval of a majority of the membership of the governing authority of the beneficiary and the State Bond Commission or its successor if a parish or municipality or a political or governmental subdivision thereof is the beneficiary . . ."
The 1986 Amended Trust Indenture was signed by all of the trustees of the Opelousas General Hospital Authority, evidencing the favorable vote of at least two-thirds of the trustees. Assuming the "express approval" (i.e.: written approval) of a majority of the Commissioners of the Hospital Service District #2 and the State Bond Commission were obtained, the 1986 Amended Trust Indenture is in compliance with the Public Trust Act. The question remains as to whether the Amended Trust Indenture complies with the terms of the Original Trust Indenture.
Article VIII, paragraph (1) of the original Trust Indenture states:
 "Trustor now declares that this Trust Indenture shall be irrevocable from the moment it is signed by it and delivered to the Trustees, and that it shall thereafter stand without any power whatsoever at any time to alter, amend, revise, modify, revoke or terminate any of the provisions of this Trust Indenture."
The quoted Indenture language is unclear and susceptible to any number of interpretations. However, even if the clause is interpreted as a prohibition of amendments, it can be given no effect. The Public Trust Act, at R.S. 9:2342(A), provides that upon acceptance of the beneficial interest bestowed upon the beneficiary by the settlor, there is constituted "a binding contract" between the beneficiary and the settlor of the public trust. It is settled law that, barring prohibitions on moral or public policy grounds, agreements and contracts may be modified or abrogated by the parties. Lapeze v. Amoco Production Company, 655 F. Supp. 1 (M.D. LA 1987); Vincent v. Bullock,187 So. 35 (La. 1939); Caple v. Green, 545 So.2d 1222 (LA App. 2 Cir. 1989); Dejoie v. Roussell, 447 So.2d 104 (LA App. 4 Cir. 1984).
The copy of the Amended Trust Indenture attached to your request is in authentic form and was executed by the original Settlor and all of the Trustees of the Trust.
It is the opinion of this office that the 1986 Amended Trust Indenture complies with the provisions of the Public Trust Act, and barring public policy grounds, it would be upheld by a court of law as proper and legal.
You also requested our opinion regarding the legality of actions taken by the Commissioners of Hospital Service District #2 in July of 1991 when two of the Commissioners knew their terms were about to expire. In July of 1991, the Commissioners acted to increase the number of Trustees from five to nine and appointed new trustees to the four newly created trustee positions. At the same time new terms of office were instituted for the existing trustees, effectively increasing their terms of office as trustees beyond the previously set expiration dates.
The 1991 amendment to the Trust Indenture was signed by all of the Trustees of the Opelousas General Hospital Authority and you attached to your request a resolution of Hospital Service District #2 stating the Commissioners unanimously approved of the changes embodied in the July, 1991 amendment. Assuming the "express approval" of the State Bond Commission was also obtained, the provisions of the Public Trust Act have been complied with.
The July, 1991 amendment was also in compliance with the terms of the Amended Trust Indenture which provides only that amendments should be in compliance with R.S. 9:2342(B), and further provides that future amendments would not require the concurrence of the Settlor (Article VI of the Amended Trust Indenture).
We feel we must point out that R.S. 42:3, prohibits state, district, parochial and municipal boards from electing officers or employees for terms of office which exceed that of the board appointing them.
It is our opinion that R.S. 42:3 does not apply to the Commissioners of Hospital Service District #2, because by statute (R.S. 46:1053) the Commissioners serve staggered terms. R.S. 42:3 refers to "the term of office of the membership of board electing them", and contemplates only boards whose members serve concurrently with each other.
Trusting this opinion adequately answers your question, I am,
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ JEANNE-MARIE ZERINGUE Assistant Attorney General
JMZ:jv 0087n